## KUNZE v. PRUDENTIAL INS. CO. OF AMERICA.
### No. 9202.

Circuit Court of Appeals, Fifth Circuit.
Oct. 24, 1939.

Jos. O. McGehee, of Columbus, Ga., for appellant.

Thomas Leslie Bowden, of Columbus, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

### HOLMES, Circuit Judge.

This appeal is from an order affirming the action of the referee in bankruptcy in dismissing the petition of appellant for an arrangement as to real property under Chapter XII of the Bankruptcy Act of June 22, 1938, 11 U.S.C.A. § 801 et seq.

Appellant was the owner of one parcel of real estate, subject to a security deed in favor of appellee. The debt secured by it being in default, foreclosure proceedings were begun, whereupon appellant filed her petition herein. Subsequent proceedings in conformity with the act went forward to the first meeting of creditors, at which appellee, being the only creditor named and the only one appearing, rejected the offer

.or arrangement proposed by appellant. No further offer being made, the referee dismissed the petition under Section 481 (2) of the act, 11 U.S.C.A. § 881(2).

Appellant insists that the referee dismissed the petition because, under his construction of the act, he had no discretion other than to dismiss or adjudicate under Section 481 (2), but that in this he was in error, because Section 414, 11 U.S.C. A. § 814, confers discretionary power to enjoin or stay any proceedings to enforce a lien against any of the property.

The context of the act and its obvious purpose amply demonstrate that the grant of the injunction or stay provided for is to be in aid of thé consummation of the arrangement, and that it may not be treated as an end in itself. There being no proposed arrangement which could be confirmed, and no proposal to submit a new, amended, or additional plan, the discretionary power conferred by Section 414 was exhausted when the meeting adjourned, appellant requesting no more than a further stay.

The conclusion of the referee that his discretion was limited to a choice of dismissal or adjudication was correct, and the order of the district court is affirmed.