## PREAS v. KIRKPATRICK & BURKS et al.

### No. 8717.

Circuit Court of Appeals, Sixth Circuit.

Nov. 9, 1940.

George M. Dunn and George N. Barnes, both of Johnson City, Tenn. (J. R. Simmonds, of Johnson City, Tenn., on the brief), for appellant.

W. J. Carter, of Johnson City, Tenn. (W. J. Carter, J. H. Winston, and Robert L. Taylor, all of Johnson City, Tenn., on the brief), for appellees.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Appellant as debtor filed a petition in the District Court under the provisions of Title 11 U.S.C., § 822 et seq., 11 U.S.C.A. § 822 et seq., alleging insolvency and praying for an extension of time for the payment of his debts, a reduction of the interest rate, and other similar relief.

Appellant was the owner of various small hotel buildings, residences, and unimproved lots in Johnson City, Tennessee, the more valuable of the properties being

in the hands of trustees under trust indentures. No application was made to the court for the appointment of a trustee (§ 832) to control and manage the property (§ 841 et seq.). The matter was referred to a referee, to whom the debtor petitioned to have appellees Kirkpatrick and Burks removed as trustees under the trust deeds, which application was refused. Appellant made several proposals to the secured creditors, which failed to secure the number of acceptances required by § 868. At the time the first proposal was refused, the referee vacated a restraining order theretofore granted to appellant, and ordered that the rents of the various properties be paid to the creditors, but gave permission to the debtor to file a second proposal. This, and subsequent proposals, were likewise refused by the majority of the secured creditors, who then moved to dismiss the proceedings. The referee held that under the provisions of § 881 the petition must be dismissed, upon the ground that there was no proposal pending and no probability that any proposal would be accepted by the creditors. Upon petition to review, the District Court confirmed the action of the referee.

One of appellant's principal grievances was that the referee denied his application for the removal of Kirkpatrick and Burks as trustees under the trust deeds; but the appellant did not apply for the appointment of a trustee. This was the remedy available to him to protect his statutory rights against the claimed hostility of the trustees under the trust deeds. While the appointment of a trustee is discretionary with the court, under § 832 appellant was entitled either to have the court appoint a trustee subject to the control of the court, or to "continue in possession of his property," and to "have all the title and exercise all the powers" of a trustee appointed under the statute (§ 844).[1]

Appellant was entitled to collect the rents if no trustee was appointed, and the referee erred in denying appellant's motion to be permitted to collect the rents (§ 844). While denial of this motion was a substantial grievance, the statute does not make protection of the debtor's rights in this particular a jurisdictional prerequisite (Cf. Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105) nor forbid dismissal of the petition until the debtor either has been protected by the appointment of a trustee or by the continuation of possession of the property in his own hands. On the other hand, § 881 mandatorily requires that if an arrangement is withdrawn or abandoned prior to its acceptance, and no other arrangement is pending, or if no arrangement is accepted, the court shall, "where the petition was filed under section 822 of this title, enter an order upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct, either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors." The case falls squarely within this statute.

We cannot say that upon this record as presented the District Court abused its discretion in dismissing the petition. Kunze v. Prudential Ins. Co., 5 Cir., 106 F.2d 917.

The decree is affirmed.

---

[1] Title 11, U.S.C., § 832, 11 U.S.C.A. § 832.

"The court may, upon the application of any party in interest, appoint a trustee of the property of the debtor."

§ 844. "Where no trustee is appointed, the debtor shall continue in possession of his property and shall have all the title and exercise all the powers of a trustee appointed under this chapter, subject, however, at all times to the control of the court and to such limitations, restrictions, terms, and conditions as the court may from time to time prescribe."