## In re HERWEG.

### HERWEG v. NEUSES et al.
### No. 7528.

Circuit Court of Appeals, Seventh Circuit.
May 1, 1941.

942

J. Kentner Elliott and Chas. Haffenberg, both of Chicago, Ill., for appellant.

Austin L. Wyman and Daniel P. Nagle, both of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court denying a petition for review of an order of a referee denying certain relief sought by the debtor and dismissing the debtor proceeding.

The appeal raises the question of the right of a debtor, who has been unable to obtain the consent of any of her creditors to her proposal that they should accept payment of a reduced amount of their claims arising out of mortgage bonds on an apartment building, to compel them to accept payment in cash of the appraised value of their debts under the provisions of § 461 of the Bankruptcy Act, 11 U.S.C.A. § 861.

The proceeding here involved started as a proceeding for relief under section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202, August 23, 1934. An extension approved and confirmed in the course of that proceeding expired by its own terms on May 13, 1940. Shortly prior to that date, appellant filed a real property arrangement under the provisions of Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. Under the terms of her amended arrangement, she proposed that the holders of notes secured by first mortgage trust deed, on which there was then due $63,500, should accept 65% of the principal amount in cash, and an additional 5% to be paid in eight equal quarterly installments. The arrangement also proposed that the holder of a note secured by a junior mortgage on which there was then due $10,000, should receive 12½% of the principal amount. Funds with which to make such payments were to be obtained by a new loan secured by first mortgage on the affected property which appellant stated had an appraised value of from $50,000 to $60,000. However, she recited that she had been advised that she would be unable to borrow more than $32,500 on the new first mortgage, so it would be necessary for her to provide the additional funds required to carry out the proposed arrangement from outside sources, the identity of which is not disclosed of record.

Appellant obtained the consents of none of her secured creditors to her proposal, and it appeared to the court from statements made during the course of the proceeding before him that the arrangement was not acceptable to the holders of the first mortgage bonds, and that the debtor would be unable to obtain any consents. He therefore denied the motion of the debtor to appoint appraisers and to cause an appraisal under section 461 of Chapter XII of the Bankruptcy Act, and dismissed the debtor proceeding. The appeal is from that order.

§ 461(11) provides that an arrangement "shall provide for any class of creditors which is affected by and does not accept the arrangement by the two-thirds majority in amount required under this chapter, adequate protection for the realization by them of the value of their debts against the property dealt with by the arrangement and affected by such debts, either, as provided in the arrangement or in the order confirming the arrangement * * * (c) by appraisal and payment in cash of the value of such debts; * * *." The applicability of § 461 to the facts here involved constitutes the problem before us. The question is one which has not heretofore been presented, and cases relied upon by appellant have little bearing on the facts of the case at bar.[1]

---

[1] Hancock Ins. Co. v. Bartels, 308 U. S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556,

We are convinced that Chapter XII contemplates the execution of an arrangement satisfactory to the majority of creditors of each class or of the group of classes affected thereby, and that the obvious connotation of the language quoted is that no arrangement shall be blocked because one group of creditors opposes it, provided that they are adequately protected by the arrangement. Under § 77B, 11 U.S.C.A. § 207, a plan of reorganization found by the court to be fair and feasible was not to be thwarted by dissenters when the required majority of each class of creditors affected thereby consented to it. The section here involved goes one step further by providing that any class of creditors not accepting the arrangement shall be taken care of in the manner described, thereby enabling the parties to proceed with the arrangement. We do not understand that this section provides a substitute for an arrangement, nor that it contemplates dispensing with an arrangement when no creditors can be found to consent to it. Such an interpretation would render nugatory succeeding provisions of Chapter XII, while we are convinced that our interpretation is entirely consistent with them. § 467 provides for confirmation of an arrangement which has been accepted in writing by *all* creditors affected thereby. § 468 provides that if an arrangement has not been so accepted, an application for the confirmation may be filed with the court *after* but not before it has been accepted in writing by the creditors of each class holding two-thirds in amount of the debts of such class affected by the arrangement "exclusive of creditors or of any class of them * * * for whom payment or protection has been provided as prescribed in paragraph (11) of section 461 [861] of this Act [title]." § 481 provides for procedure in case an arrangement is withdrawn or abandoned, or *if no arrangement is accepted.* Provision for such procedure appears to be quite incompatible with appellant's interpretation of § 461(11) as providing for procedure in case no arrangement is accepted by any creditors.

We therefore hold that § 461(11) does not authorize the court to force secured creditors unanimously opposed to the plan, to accept payment of a reduced amount of their claims and leave the debtor in possession of the property formerly securing those claims entirely free from their burden.

A further obstacle appears to us to prevent the adoption of the construction urged by appellant of § 461. In Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 858, 79 L.Ed. 1593, 97 A.L.R. 1106, Mr. Justice Brandeis discussed the question of the right of a debtor to compel his secured creditor to accept the appraised value of the property securing his debt in lieu of the security itself, concluding that the original Frazier-Lemke Act which authorized such procedure violated the Fifth Amendment to the Constitution. While the case involved the Farm-Debtor Act rather than Chapter XII, many of his observations therein appear to us to be peculiarly applicable to the case at bar:

"* * * the statutory command that the mortgagor should not lose his property on default had always rested on the assumption that the mortgagee would be compensated for the default by a later payment, with interest, of the debt for which the security was given; and the protection afforded the mortgagor was, in effect, the granting of a stay. No instance has been found, except under the Frazier-Lemke Act (11 U.S.C.A. § 203(s), of either a statute or decision compelling the mortgagee to relinquish the property to the mortgagor free of the lien unless the debt was paid in full.

"This right of the mortgagee to insist upon full payment before giving up his security has been deemed of the essence of a mortgage.

\* \* \* \* \*

"Nor do the provisions of the bankruptcy acts concerning compositions afford any analogy * * *. So far as concerns the debtor, the composition is an agreement with the creditors in lieu of a distribution of the property in bankruptcy—an agreement which 'originates in a voluntary offer by the bankrupt, and results, in the main, from voluntary acceptance by his creditors.' * * * So far as concerns dissenting creditors, the composition is a method of adjusting among creditors rights in property in which all are interested. In ordering the adjustment, the bankruptcy court exercises a power similar to that long ex-

81 L.Ed. 736, 112 A.L.R. 1455; Texas Hotel Securities Corp. v. Waco Co., 5 Cir., 87 F.2d 395; Horn v. Ross Island Co., 9 Cir., 88 F.2d 64; Tennessee Pub. Co. v. American Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13; In re Dutch Shops, D.C., 14 F.Supp. 467.

ercised by courts of law * * *. It is the same power, which a court of equity exercises when it compels dissenting creditors, in effect, to submit to a plan of reorganization approved by it as beneficial and assented to by the requisite majority of the creditors. * * * In no case of composition is a secured claim affected except when the holder is a member of a class; and then only when the composition is desired by the requisite majority and is approved by the court."

The question of the constitutionality of § 461(11) was not raised by the parties, and in view of our interpretation of the section we deem it unnecessary to consider it. However, it would appear that, under the ruling of the Radford case, supra, if we were to uphold the construction urged by appellant, the constitutional question would be most sharply presented.

Decree affirmed.