**MEYER v. ROWEN et al.**
**In re MEYER.**
No. 4295.

United States Court of Appeals
Tenth Circuit.
Feb. 23, 1952.

J. D. Skeen, Salt Lake City, Utah (F. R. Bayle, Salt Lake City, Utah, was with him on the brief), for appellant.

George S. Ballif, Provo, Utah, for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment of the District Court of Utah, affirming an order of its referee, dismissing appellant Meyer's petition for an arrangement of his debts under Chapter 12 of the Bankruptcy Act, as amended June 28, 1938, 11 U.S.C.A. §§ 801–909, 52 Stat. 916.

When the case was here in 181 F.2d 715, we held that the debtor's petition, filed April 21, 1949, under Section 422 of Chapter 12, operated to automatically stay state court proceedings to foreclose a mortgage on the real estate listed as the principal asset of the bankrupt, and that the subsequent order of sale and sale of property were therefore void. The District Court was accordingly directed to overrule the appellees' motion to dismiss the debtor's petition for an order to show cause why the sale of April 25, 1949, should not be set aside by the bankruptcy court.

After remand, and on July 26, 1950, the Rowens, appellees and the only secured creditors, moved to dismiss the petition for arrangement for failure to comply with the mandatory requirements of Section 461 of Chapter 12. The motion recited the mortgage indebtedness, the foreclosure judgment prior to the filing of the petition for arrangement, and the subsequent sale on April 25, 1949, subject to the statutory six months period of redemption in Utah. It went on to recite that after the six months period of redemption, and after the court's order dismissing the debtor's petition for a show cause order, the appellees obtained possession of the property by a writ of assistance from the state court; that during the pendency of the first appeal, appellees had sold the scheduled real estate under contract, and had obligated themselves to deliver merchantable title, and that unless the bankruptcy court recognized and approved the sheriff's sale, they would be required at great expense to conduct another sheriff's sale.

On the following August 9, the debtor petitioned the bankruptcy court for an order to show cause why he should not be restored to possession of the scheduled property, from which he had been forcibly ejected, and for damages for such wrongful ejection. A show cause order, returnable August 25, was issued on the same day. The appellees answered, admitting the forcible ejection under state court process on November 15, 1949, but denied that it was wrongful or in disregard of the bankruptcy court's jurisdiction. They made reference to the prior motion to dismiss the proceedings, and also moved for dismissal of the show cause order.

These motions were all appropriately referred to the referee in bankruptcy, but before disposition of them, and on September 26, 1950, the debtor petitioned for another order to show cause, alleging that during the pendency of the former appeal, and on April 15, 1950, the Rowens had sold the real estate involved for $23,000.00 and listed personal property for $1,000.00; that in part payment, they had taken a farm valued at $5,500.00, the remaining $17,500.00 to be paid in monthly installments; that the farm in turn was sold for $5,000.00, $1,000.00 in cash and the remainder in deferred payments; that the vendees of both of the properties are now in possession. Then it was alleged that upon inquiry, it was found that the sale of the property for $24,000.00 was a fair price, and that it was for the best interests of the debtor bankrupt to approve the sales. He accordingly asked that a trustee be appointed to receive the consideration for the sales until the termination of the bankruptcy proceedings. An order to show cause, returnable October 15, 1950, was issued. All pending motions and orders came on regularly for hearing before the referee on October 13, 1950, and evidence was heard. A meeting of the creditors under Section 434 was also called for the same date on order of the referee.

The schedule attached to the petition for arrangement listed an indebtedness of $13,-459.97, secured by the Rowen mortgage on the scheduled real estate, on which the decree of foreclosure had been entered. It also listed unsecured debts in the sum of $15,248.69. The real estate covered by the Rowen mortgage was listed as the principal asset and valued at $36,000.00. Personal

property valued at $10,715.00 was also scheduled.

The proposed arrangement under Section 423 provided for the payment of $200.00 per month from the earnings of the debtor's business, to be paid to a trustee and applied on the accrued interest on the state court judgment in favor of the Rowens. The residue was to be applied proportionately upon the allowed claims of other creditors until the indebtedness was reduced to the loan value of the scheduled property and until a long-time loan sufficient to pay the entire indebtedness could be negotiated.

At the conclusion of the hearing on all pending motions and orders, the referee made extensive findings of facts and conclusions of law. After reciting the various proceedings, motions and orders, the proposed arrangement and the calling of the creditor's meeting to consider it, the non-appearance of the unsecured creditors, and the formal rejection of the proposed arrangement by the Rowens, as the only secured creditors, the referee specifically found that the proposed arrangement failed to provide for the payment of the creditors other than the secured creditors, required by Section 461, sub. 2; for the payment of cost or expense of administration required by Section 461, sub. 8; provide for creditors not affected by the arrangement as required by Section 461, sub. 10; or for those affected and not accepting the proposed arrangement as required by Section 461, sub. 11; or for adequate means for the execution of the arrangement required by Section 461, sub. 12. He noted that no application had been made for confirmation of the proposed arrangement under either Sections 467 or 468, and that no such confirmation could be effected, since all of the creditors had not accepted the plan as contemplated by Section 467; nor had the plan been accepted by creditors of each class holding two-thirds in amount of the debts of such class affected by the arrangement. as contemplated and required by Section 468. Then the referee observed that no confirmation could ever be effected inasmuch as the Rowens, the only secured creditors affected by the arrangement, had expressly rejected it. Moreover, the referee found that the debtor's petition, dated September 26, 1950, for an order to show cause why the court should not adopt and approve the sale of the listed real estate after the first dismissal of the bankruptcy proceedings, operated as an abandonment of his petition of August 9, 1950, for an order to show cause why he should not be restored to the full possession of the same property, this for the reason that the debtor cannot be put back into possession of the property without ousting the present occupants—the vendees of the Rowens.

The referee found that the actions taken by the Rowens for the possession of the property and the sale of it during the pendency of the appeal was in good faith and pursuant to a bona fide belief in their legal rights, but that any individual responsibility for the eviction of the debtor should be determined according to the law of the State of Utah in the state courts. Finally, being of the opinion that nothing could be salvaged for the creditors by adjudicating the debtor a bankrupt and proceeding in general bankruptcy, the referee overruled the debtor's objection to his jurisdiction to dismiss the Chapter 12 proceedings, and dismissed the same, subject to the allowance of reasonable compensation to the referee by the District Court.

On petition for review to the District Court, the debtor specifically challenged all of the findings and conclusions of the referee. The petition came on regularly for hearing on March 9, 1951, pursuant to which the trial court affirmed the order of the referee in all things.

On appeal, the debtor does not contend that the proposed arrangement met the mandatory requirements of Section 461, or that it received the requisite acceptance of creditors for confirmation under Sections 467 or 468. The burden of his argument seems to be that since, under the mandate of this court on the former appeal, the order of sale and sale of the listed real estate was void, the bankruptcy court was without jurisdiction on remand to entertain the Rowens' motion to dismiss the proceedings until the debtor had been restored to the full possession of the scheduled property, and that all acts done or proceedings had

subsequent to the adjudication were therefore in direct contravention of this court's judgment.

It is of course true, as appellant suggests, and as we formerly held, the order of sale and the sale of the property listed in the debtor's schedule are nullities. The state court proceedings subsequent to adjudication conferred no rights and imposed no liabilities. It was undoubtedly within the province of the bankruptcy court to invalidate the state court proceedings after bankruptcy and every act committed thereunder. But, the adjudication did not operate to wipe out the mortgage indebtedness or impair the judgment entered in the District Court prior to adjudication. After adjudication and after remand on appeal, the Rowens were secured creditors. In fact, they were the only secured creditors and they were affected by the proposed arrangement. Since they expressly rejected the proposal, it was essential to its confirmation that the arrangement, or any order confirming it, provide adequate protection for the realization by them of the value of their debts against the property "(a) by the transfer or sale, or by the retention by the debtor, of such property subject to such debts; or (b) by a sale of such property free of such debts, at not less than a fair upset price, and the transfer of such debts to the proceeds of such sale; * * * or (d) by such method as will, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection". Section 461, sub. 11. See Collier on Bankruptcy, 14th Ed., Vol. 9, Sections 8.12 and 9.03.

The petition for arrangement proposed to modify or alter the Rowens' rights as secured creditors by deferring the time for payment of the debt. And, it might be said to provide "adequate protection" under Section 461, sub. 11, by retention of the property subject to the secured debt. But, it was obviously not the purpose of Section 461, sub. 11 to dispense with an arrangement when no creditors can be found to

consent to it; nor does it authorize the bankruptcy court to force secured creditors, unanimously opposed to the plan, to accept it simply because adequate protection is provided. In re Herweg, 7 Cir., 119 F.2d 941; In re Hamburger, 6 Cir., 117 F.2d 932.

Manifestly therefore, the proposed arrangement must fail for the want of any written acceptance by any class of creditors. Section 481 provides in material part that "if no arrangement is accepted at the meeting of creditors or within such further time as the court may fix," or if the arrangement is refused, where the petition was filed under Section 422, the court shall "enter an order upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct, either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors." Section 481, sub. 2. Preas v. Kirkpatrick & Burks, 6 Cir., 115 F.2d 802; In re Potts, 6 Cir., 142 F.2d 883.

The motion to dismiss directly challenged the sufficiency of the petition to meet the mandatory requirements of the Act, and the bankruptcy court's jurisdiction to consider it was in no way hampered or impaired by the mandate on the former appeal, or by the proceedings in the state court during the pendency of the appeal. The debtor's petitions for restoration and then for ratification of the sale of the property both came on for hearing concurrently with the Rowens' motion to dismiss. The court was free to exercise its bankruptcy jurisdiction in any manner consistent with the rights of the parties, and it proceeded to do so.

We conclude that the court did not err in the exercise of its jurisdiction to entertain the motion to dismiss the petition for arrangement, or in the dismissal of it.

The judgment of the court is affirmed.