**Masaru SUMIDA, Stanley Unten, Charley T. Shiraishi, and William S. Ellis, Jr., as General Partners, and Florence A. Ellis, aka Florence Lumahai Ellis, as former General Partner, in the General Partnership of Olinda Associates and the Limited Partnership of Kula Gardens Associates, and Not Individually, Debtor-Appellants,**

**and**

**Kula Development Corporation and Clark, Corey, Robinson, Ryan & Ryan, Creditor-Appellants,**

**v.**

**Fusao YUMEN, Kimiyo Yumen, J–R–M Corporation, Myra Deane Charlton, and Molokai Properties, Inc., Creditor-Appellees,**

**and**

**Farmland, Inc., Adverse Claimant-Appellee.**

**No. 22087.**

United States Court of Appeals Ninth Circuit.

Feb. 5, 1969.

As Amended April 25, 1969.

Ralph E. Corey, Honolulu, Hawaii, for appellants, except Wm. S. Ellis, Jr. (argued), pro. per.

John T. Vail, Wailuku, Hawaii, for Fusao & Kimiyo Yumen.

C. F. Damon, Jr., Honolulu, Hawaii, for J-R-M Corp. and Charlton.

Luman N. Nevels, Jr., Honolulu, Hawaii, for Molokai Properties, Inc., creditor-appellee.

B. Martin Luna, Wailuku (argued), Shiro Kashiwa, Honolulu, Hawaii, for

Farmland, Inc., adverse claimant-appellee.

Before HAMLEY, DUNIWAY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

The debtor-appellants (hereafter the debtors) filed in the district court a petition for a real property arrangement, under Chapter XII of the Bankruptcy Act §§ 401–526, 11 U.S.C. §§ 801–926 (1964), as amended, (Supp. III 1968). On motion of the creditor-appellees (hereafter the creditors) the district court dismissed the Chapter XII petition. This appeal followed.[1]

## QUESTION

The question presented is whether a District Court may dismiss a Chapter XII proceeding for lack of good faith on the debtor's part in filing and lack of debtors' ability to effectuate the proposed plan, where there has been no meeting of creditors, although five of twenty-three secured creditors involved appear at the hearing on the motion to dismiss.

## FACTS

The Chapter XII petition was filed on January 17, 1967 by the debtors not as individuals, but as general partners in Olinda Associates and Kula Gardens. The petition included a copy of the proposed plan, a list of creditors, and a summary of assets and liabilities. At the same time the debtors also filed a motion for extension of time in which to file the required Schedules A [Statement of All Debts of the Debtors] and B [Summary of Debts and Assets]. This extension and, at later dates, two others were granted which allowed the debtors until February 28, 1967, to complete their petition; the petition was completed by filing the additional required schedules by that date.

1. The Yumens were the moving parties. The other creditors listed as creditor-appellees appeared at the time of the motion, participated and in substance joined in the motions. The listed creditor-appellants also appealed. Their participation is without significance in the case nor does Farmland Inc., listed as "Adverse-Claimant-Appellee" play any part in the case.

The proposed plan of arrangement would have affected real property in eleven units of land varying in size from five to forty acres—a total of 179.983 acres. Twenty-three creditors hold either first or second liens on the real property scheduled. Appellees Fusao and Kimiyo Yumen have a first lien on the real property in one parcel of 12.440 acres; Molokai Properties, Inc., J-R-M Corporation, Myra Deane Charlton, and Farmland, Inc. all have liens on the real property in one 40.059 acre parcel.

The motion to dismiss by the two Yumens was filed February 10, 1967, and noticed for February 17, 1967. Four grounds were set forth: "1. The Petition fails to state a claim upon which relief could be granted. 2. The Debtors' proposed real property arrangement is not proposed in good faith in that it provides no adequate means for execution of the arrangement. 3. The Debtors' petition and proposed real property arrangement is not to work a modification of terms of payments with creditors, but solely to give Debtors time to refinance the whole debt and pay off present creditors. 4. The Movants, Fusao Yumen and Kimiyo Yumen and their address is not included in debtors' Appendix B to Petition, List of Creditors, as more particularly required by the Bankruptcy Act."

On February 14, the debtors filed a motion for continuance of the hearing set for February 17 and also, leave to amend the petition so that appellees Yumen would be listed.

Both motions were heard on February 17, 1967. Three other creditors in addition to the Yumens, though not served with notice, made an appearance: J-R-M Corporation; Myra Deane Charlton; and Farmland, Inc. Debtor Ellis was examined extensively, first as to the need for a continuance and then as to the merits of the plan proposed in the petition. The motion to continue was de-

nied,[2] and the motion to dismiss the petition was granted.

At the conclusion of the hearing, the court made its ruling on the motion to dismiss:

"It appears that there has never been any deal or attempt on the part of Mr. Ellis, or any of the other debtors, before the Court, to attempt a composition of creditors, and that the action here that Mr. Ellis proposes is not made in good faith, as that term is used and applied by the Court. The basis of a [sic] good faith is that the parties shall make a bona fide attempt, that is, the debtors shall make a bona fide attempt to make a composition, and that there must be a proposal offered which gives a reasonable and definite method of liquidating the indebtedness and which can be expected to receive consideration of reasonable men.

In listening to Mr. Ellis here today, all I can find in the prospect of payment of the indebtedness here is simply vague and indefinite."

\* \* \* \* \* \*

"The Court finds that all of the outline was so highly improbable that the Court cannot find any adequate means whatsoever for the execution of the program.

So the motion to dismiss is granted."

On April 17, 1967, findings of fact, conclusions of law and order dismissing the petition were filed. A notice of appeal from this order was filed at 9:50 a. m. on May 17, 1967. On May 17, 1967 at 11:15 a. m. amended findings of fact and conclusions of law and an amended order, dismissing debtor's petition was filed. As a result, the appeal is from the order of April 17, 1967 and not the amended order of May 17, 1967.

A properly filed notice of appeal vests jurisdiction of the matter in the court of appeal; the district court thereafter had no power to modify its judgment in the case or proceed further ex-

---

2. In view of our disposition of the case we do not consider the ruling on the motion for a continuance.

cept by leave of the appellate court, Merritt-Chapman & Scott Corp. v. City of Seattle, 281 F.2d 896, 899 (9 Cir. 1960); In re Federal Facilities Realty Trust, 227 F.2d 651, 653–654 (7 Cir., 1955); also 9 Moore's Federal Practice, § 73.13 (2d ed. 1968). Therefore, the amended order of May 17, 1967, is a nullity.

In the findings of fact of April 17, 1967, the court found that there had been no bona fide attempt on the part of Ellis and other debtors to effect a composition with their creditors; that there had been no reasonable proposal submitted by the debtors providing adequate means for the execution of the arrangement, and that the new proposals submitted by the debtor in their petition and testified to by Ellis were vague, indefinite and unreasonable and that these proposals were insubstantial and were based upon hope alone.

The court concluded that the proceedings should be halted at the outset, there having been no bona fide effort to agree with creditors upon a composition and no submission by debtors of a proposal offering a definite and reasonable method of liquidating the indebtedness.

If we were called upon to pass on the validity of these findings, we would have no difficulty in doing so. We think we can safely say that there was only a remote possibility that the required number of creditors would ever have accepted the plan. But the motion to dismiss was made, heard and decided before a meeting of creditors was called or held.

## DISCUSSION

A creditor may move to dismiss a Chapter XII petition on the ground that the court does not have jurisdiction of the debtor, In re Tinkoff, 156 F.2d 405 (7 Cir. 1946); and a court on its own initiative can examine the facts before it to determine whether or not it has the jurisdiction to hear the proceeding.[3] Here the dismissal was not based on lack of jurisdiction.

The power to dismiss a Chapter XII petition is granted to the district court by three sections of the Act. Section 427, 11 U.S.C. § 827, allows a court to dismiss a petition when the debtor fails to file a bond or undertaking as may be required by section 426. Here the court had not required that indemnity be provided by the debtors. Section 482, 11 U.S.C. § 882, applies in certain situations after a plan of arrangement has been confirmed by the court. No plan was confirmed in this case. Section 481 of the Bankruptcy Act, 11 U.S.C. § 881, states six grounds upon which a petition filed under Chapter XII may be dismissed by the court: (1) the statement of executory contracts and the schedules and statement of affairs required by section 424(1), are not duly filed; (2) the arrangement has been abandoned or withdrawn prior to creditor acceptance and no other plan has been proposed; (3) no arrangement is accepted at the meeting of creditors or within such further time as the court may fix;[4] (4) the money or

3. Cf. In re American Bond & Mortgage Co., 61 F.2d 875 (7 Cir. 1932), affirmed sub nom. Royal Indem. Co. v. American Bond & Mortgage Co., 289 U.S. 165, 53 S.Ct. 551, 77 L.Ed. 1100 (1933) (Straight bankruptcy). See also, S. E. C. v. United States Realty & Improvement Co., 310 U.S. 434, 457–458, 60 S.Ct. 1044, 84 L. Ed. 1293 (1940) (dictum) (Chapter XI proceeding); In re Ettinger, 76 F.2d 741 (2 Cir. 1935) (straight bankruptcy; location of principal place of business); Chicago Bank of Commerce v. Carter, 61 F.2d 986 (8 Cir. 1932) (straight bankruptcy; location of principal place of business for a bankrupt corporation); Vassar Foundry Co. v. Whiting Corp.,

2 F.2d 240 (6 Cir. 1924) (straight bankruptcy; legal existence of a dissolved corporate bankrupt); In re Nash, 249 F. 375 (S.D.W.Va.1918) (straight bankruptcy; discharge granted within the preceding six years).

4. See In re Dick, 296 F.2d 912 (7 Cir. 1961) (A Chapter XII petition was dismissed by the referee after several different plans were submitted by the debtor and each was rejected by the creditors; no agreement was foreseeable in the future); Meyer v. Rowen, 195 F.2d 263 (10 Cir. 1952) (A Chapter XII petition was dismissed by the referee after a meeting of creditors rejected the plan; proper

other consideration which may be required to be deposited is not deposited; (5) the application for confirmation is not filed within the time fixed by the court; or (6) the confirmation of the arrangement is refused. None of these grounds justify the dismissal in this case.

A meeting of creditors, called by the court is required by the Act.[5] No meeting was called. At the meeting so called, confirmation of the plan may be refused by the court but only after the creditors have approved it.

Creditor approval may be accomplished either by unanimous consent, Sec. 467 of the Act, 11 U.S.C. § 867 (1964), or by creditors holding two-thirds in amount of the debts of each class, affected by the arrangement, Sec. 468 of the Act, 11 U.S.C. § 868 (1964).

Approval by the creditors can only be presented at or after the initial meeting of creditors is held. Sections 467, 468 of the Act, 11 U.S.C. §§ 867, 868 (1964). Except where the creditors unanimously approve the plan proposed by a debtor, only creditors who have filed claims which have been "proved and allowed" are eligible to vote on the acceptance of the plan. Sec. 468(1) of the Act, 11 U.S.C. § 868(1) (1964); see also Sec. 406(2) of the Act, 11 U.S.C. § 806(2) ("claims" defined). The court is required to prescribe the manner in which claims are to be proven and allowed. Sec. 451 of the Act, 11 U.S.C. § 851 (1964). None of these procedural steps were followed in this case.

Sec. 461(11) of the Act, 11 U.S.C. § 861(11) provides for creditors affected by the arrangement who do not accept it by protecting them in the realization of the value of their debts against the property dealt with by the arrangement.[6]

---

notice was given pursuant to Section 481 (2) of the Act); Kunze v. Prudential Ins. Co. of America, 106 F.2d 917 (5 Cir. 1939) (A Chapter XII petition was dismissed by the referee after the first plan was rejected by the only secured creditor and no other plan was proposed), cf. Massey v. Farmers & Merchants Nat. Bank & Trust Co., 94 F.2d 526 (4 Cir. 1938).

5. Bankruptcy Act § 434, 11 U.S.C. § 834 (1964):
"The court shall promptly call a meeting of creditors, upon at least ten days' notice by mail to the debtor, the creditors, and other parties in interest."

Bankrupcy Act § 435, 11 U.S.C. § 835 (1964):
"The notice of such meeting of creditors shall be accompanied by a copy of the proposed arrangement, a summary of the liabilities as shown by the schedules and a summary of the appraisal, if one has been made, or, if not made, a summary of the assets as shown by the schedules. Such notice may also name the time for the filing of the application to confirm the arrangement and the time for the hearing of the confirmation and of such objections as may be made to the confirmation."

Bankruptcy Act § 436, 11 U.S.C. § 836 (1964):
"At such meeting, or at any adjournment thereof, the judge or referee—

(1) shall preside;

(2) may receive proofs of claim and allow or disallow them;

(3) shall examine the debtor or cause him to be examined and hear witnesses on any matter relevant to the proceeding; and

(4) shall receive and determine the written acceptances of creditors on a proposed arrangement, which acceptances may be obtained before or after the filing of a petition under this chapter."

6. § 861. Contents of arrangement
An arrangement—
\* \* \* \* \*
(11) shall provide for any class of creditors which is affected by and does not accept the arrangement by the two-thirds majority in amount required under this chapter, adequate protection for the realization by them of the value of their debts against the property dealt with by the arrangement and affected by such debts, either, as provided in the arrangement or in the order confirming the arrangement, (a) by the transfer or sale, or by the retention by the debtor, of such property subject to such debts; or (b) by a sale of such property free of such debts, at not less than a fair upset price, and the transfer of such debts to the proceeds of such sale; or (c) by appraisal and payment in cash of the value of such debts; or (d) by such method as will, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection;

The court may not force secured creditors unanimously opposed to a plan to accept reduced amounts and leave the debtor in possession free of the burden of their claims, but the section contemplates the execution of an agreement satisfactory to the majority of creditors in each class and that no arrangement shall be blocked because one group of creditors opposes it, provided they are adequately protected by the arrangement. In re Herweg, 119 F.2d 941 (7 Cir. 1941).

It is remotely conceivable arrangements could have been made to protect certain classes of objecting creditors under Sec. 461(11) of the Act, 11 U.S.C. § 861(11).

The appellee has cited four cases in support of the lower court's dismissal. In three of the cases, In re Potts, 142 F.2d 883 (6 Cir. 1944); In re Herweg, 119 F.2d 941 (7 Cir. 1941); Preas v. Kirkpatrick & Burks, 115 F.2d 802 (6 Cir. 1940), meetings of creditors were apparently held and the proposed plan rejected by a majority of the secured claim holders, thus constituting valid section 481 dismissals. The fourth case, Iden v. New York Life Insurance Co., 107 F.2d 695 (4 Cir. 1939) is per curiam and does not supply enough facts from which to determine whether it is similar to the present case. In any event none of the four cases can support the judgment of dismissal in the district court.

The district court also purported to rule on the "good faith" of the debtors' submission of the arrangement. In Chapter X there is a provision in Sec. 141 of the Act, 11 U.S.C. § 541, providing that "upon the filing of a petition by a debtor, the judge shall enter an order approving the petition, if satisfied that it complies with the requirements of his chapter [Ch. X] and has been filed in good faith, or dismissing it if not so satisfied." There is no such provision in Chapter XII requiring the court to pass on the merits of the petition as soon as it is filed. "Good faith" is considered by a court in a Chapter XII proceeding only after the plan has been approved by creditors and confirmation is requested by the debtor. *See* Section 472 of the Act, 11 U.S.C. § 872 (1964). As an example of how a court applies the concept, see Gonzalez Hernandez v. Borgos, 343 F.2d 802, 805–806 (1 Cir. 1965).

The reliance of the creditors and the trial court on Massey v. Farmers & Merchants Nat. Bank & Trust Co. etc., 94 F. 2d 526 (4 Cir. 1938) is misplaced. That case arose under Sec. 75 of the Act, 11 U.S.C. § 203, concerned with Agricultural Compositions and Extensions [now no longer in effect]. The procedure is generally similar to a Chapter XII with sub-section (h) requiring a hearing on application for confirmation and sub-section (i) providing for confirmation, if among other things, "(3) the offer and its acceptance are in good faith * * ". However in *Massey* there were three meetings of creditors and following an adverse report by the conciliation commission, the district court dismissed petition. The debtor petitioned to reinstate the proceedings and the petition was denied. The appeal was from such denial.

Under the facts of *Massey*, the general language relied upon cannot be of avail to appellees in view of the statutory requirements set forth above for dismissal of a Chapter XII petition.

Other contentions by appellees need not be considered in view of our disposition of this case. We make one comment. Appellees contend that the substantive law of the State of Hawaii does not authorize partnerships to hold title, legal or equitable, in real property. This question of local law was not passed on by the court below. We will not consider the question now or if this case comes here again unless it is first passed on by the lower court.

■ It appears that one of the reasons that the trial court granted the motion to dismiss was its belief, which the record supports, that the proceeding was merely an attempt to delay creditors in a situation in which there was no possibility that a Chapter XII proceeding could be successfully completed. How-

ever, a creditors' meeting can be called under section 434 on only 10 days notice. Thus, adherence to the normal procedure in Chapter XII cases should not produce any inordinate delay, and there is always the possibility that facts will be brought out at the creditors' meeting, including the attitude of the creditors themselves, which will throw new light upon the proceeding. For this reason we think it better that the court adhere to the normal procedures prescribed in Chapter XII.

We think the debtors are engaging in an exercise of futility and appreciate the trial court's desire to terminate the proceedings. Reluctantly the judgment is reversed and the case remanded.