585 F.2d 975
 Bankr. L. Rep. P 67,034
In the Matter of Gardens of Cortez, Debtor-Appellant.
GARDENS OF CORTEZ, Debtor-Appellant,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Creditor-Appellee.
 No. 77-1825.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Oct. 17, 1978.
Decided Oct. 26, 1978.
 
 Joel L. Wohlgemuth of Prichard, Norman, Reed & Wohlgemuth, Tulsa, Okl. and Robert N. Meals and Paul W. Bonapfel of Nicholson & Meals, Atlanta, Ga., for debtor-appellant.
 James R. Waldo and Gary A. Bryant of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for creditor-appellee.
 Before LEWIS, McWILLIAMS and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a bankruptcy case. Gardens of Cortez is a partnership which operates a 257-unit apartment complex in Tulsa, Oklahoma. John Hancock Mutual Life Insurance Company is the owner of the ground on which the complex is located, together with the improvements located thereon. Hancock entered into a long-term lease of the property with Gardens of Cortez, and in connection therewith Cortez executed a note and mortgage, as well as a ground lease, in favor of Hancock.
 
 
 2
 On April 28, 1976, Hancock filed in the District Court of Tulsa County, State of Oklahoma, a petition seeking judgment on the note, mortgage and ground lease and asking for foreclosure of the mortgage covering the leasehold interest on the ground that Cortez was in default. A hearing in connection with Hancock's request for the appointment of a receiver was continued from time to time, and was finally set for hearing on September 24, 1976. On the preceding day, September 23, 1976, Cortez filed the present petition for a real property arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C. § 801, et seq., and in connection therewith obtained a stay of the state foreclosure action theretofore brought by Hancock. On October 21, 1976, Hancock, in an effort to proceed with its foreclosure action in state court, filed in the bankruptcy court a complaint seeking relief from the stay order imposed on it by the filing of the Chapter XII proceeding. On November 26, 1976, Cortez answered the Hancock complaint and counterclaimed against Hancock for alleged tortious interference with its right to conduct normal business operations. Hearing on Hancock's request to lift the stay order and on Cortez' counterclaim was held on March 7 and 8, 1977, at the conclusion of which the matter was taken under advisement.
 
 
 3
 In the meantime, the bankruptcy court on January 26, 1977, ordered Cortez to file its plan of arrangement on or before March 1, 1977. Such plan was filed, and by further order of the bankruptcy court the creditors were given until March 22, 1977, to accept or reject the plan. By March 23, 1977, it became evident that Cortez' plan was rejected by all classes of creditors, both unsecured as well as secured. These were approximately thirty unsecured creditors, and two secured creditors. As concerns the latter, Cortez' debt to Hancock constituted about 90% Of Cortez' secured indebtedness, the remaining 10% Being held by another secured creditor who also rejected the plan. In this setting the bankruptcy court gave notice that a hearing would be held on April 15, 1977, for the purpose of considering the entry of an order dismissing the Chapter XII proceeding or adjudicating the debtor a bankrupt, whichever might be in the best interest of the estate. Hearing was held on April 15, 1977, and then continued to April 21, 1977, at which time the bankruptcy court dismissed the Chapter XII proceeding for the reason that the plan submitted by Cortez had not been accepted by the requisite number of creditors as required by the Act, 11 U.S.C. § 868. By this time Cortez had apparently satisfied the claims of all unsecured creditors, and it became clear that for all practical purposes this was in reality a one-on-one dispute between Cortez and Hancock, and that the plan could not be confirmed without the acceptance of Hancock.
 
 
 4
 Cortez next filed an appeal from the order of the bankruptcy judge dismissing its petition for an arrangement. On such appeal the district judge affirmed the dismissal order entered by the bankruptcy judge. Cortez now seeks review of the judgment of the district court. We affirm.
 
 
 5
 On appeal in this Court, Cortez' main argument is that the bankruptcy judge erred in dismissing the petition without giving Cortez the opportunity to present an alternate arrangement plan.* In thus arguing, Cortez relies heavily on Rader v. Boyd, 267 F.2d 911 (10th Cir. 1959). We do not believe that Rader is supportive of Cortez' position.
 
 
 6
 In Rader the bankruptcy court rejected a petition for a real property arrangement and then without notice or hearing adjudicated the petitioner bankrupt. On appeal we held that such summary adjudication that the debtor was bankrupt was in direct violation of 11 U.S.C. § 881(2), and that in such circumstance the adjudication of bankruptcy was void. Remanding the case for further proceedings, we directed the district court as follows:
 
 
 7
 On remand the trial court should proceed in conformity with § 881(2). This does not preclude another arrangement meeting the requirements of Chapter XII. There is nothing in Chapter XII which prevents the proposal of an altered or modified arrangement prior to dismissal or adjudication in bankruptcy. While an adjudication of bankruptcy may not be unreasonably deferred by the submission of successive plans, the court in the wise exercise of its discretion should afford fair opportunity for the submission of an arrangement which satisfies Chapter XII. It is for the trial court to determine whether the statutory requirements are met or whether the matter must be concluded by dismissal or adjudication.
 
 
 8
 Cortez seizes upon this language from Rader and asserts that such precluded the bankruptcy court in the instant case from dismissing the petition for arrangement until Cortez was afforded the opportunity to present an alternate plan of arrangement. We do not agree. The bankruptcy court in the instant case proceeded in accord with 11 U.S.C. § 881(2). In this regard it should be noted that as of the date of the dismissal order Cortez had satisfied the claims of all unsecured creditors, and that its principal secured creditor, Hancock, was unalterably opposed to any plan and preferred to pursue its foreclosure rights in the state court. In such circumstance, submitting an alternate plan would be useless. Dismissal of a plan for real property arrangement has been held proper where the sole affected creditor declined to accept the plan. Owners of "SW 8" Real Estate v. McQuaid, 513 F.2d 558 (9th Cir. 1975) and Taylor v. Wood, 458 F.2d 15 (9th Cir. 1972). In our view, the bankruptcy court in the instant case did not, under the circumstances, violate either the letter or spirit of Rader in dismissing Cortez' petition.
 
 
 9
 Cortez argues, alternatively, that, notwithstanding the objections of Hancock, the so-called "cram down" provisions of 11 U.S.C. § 861(11) should have been invoked by the bankruptcy court. In our view, 11 U.S.C. § 861(11) has no application to the present case. In support of our determination, see Meyer v. Rowen, 195 F.2d 263, 266 (10th Cir. 1952), where the following pertinent comment appears:
 
 
 10
 The petition for arrangement proposed to modify or alter the Rowens' rights as secured creditors by deferring the time for payment of the debt. And, it might be said to provide "adequate protection" under Section 461, sub. 11, by retention of the property subject to the secured debt. But, it was obviously not the purpose of Section 461, sub. 11 to dispense with an arrangement when no creditors can be found to consent to it; nor does it authorize the bankruptcy court to force secured creditors, unanimously opposed to the plan, to accept it simply because adequate protection is provided. In re Herweg, 7 Cir., 119 F.2d 941; In re Hamburger, 6 Cir., 117 F.2d 932.
 
 
 11
 As concerns the intent of 11 U.S.C. § 861(11), see also Sumida v. Yumen, 409 F.2d 654 (9th Cir. 1969).
 
 
 12
 Having determined that the bankruptcy court did not err in dismissing the petition, the other matters raised in this Court by Cortez are in our view rendered moot. Certainly Hancock's request that the stay order be lifted became moot when the bankruptcy judge dismissed the petition. And by the same token, having dismissed the petition, the bankruptcy court lost jurisdiction to proceed further with Cortez' counterclaim.
 
 
 13
 Judgment affirmed.
 
 
 
 *
 In this regard we cannot find in the record before us any specific request by Cortez for an opportunity to present an alternate plan, although some reference to such was made by the bankruptcy judge