MORGAN, Senior Circuit Judge,
dissenting:
I respectfully dissent. Sections 461(11) and 468 of the Bankruptcy Act do not allow confirmation of a plan over the unanimous objection of the secured creditors. The number of secured creditors is not mentioned in either section and is irrelevant. As Judge Henderson stated in In Re Perimeter Park Investment Associates, Ltd., 20 C.B.C. 912 (N.D.Ga.1979) (vacating the bankruptcy court’s opinion in an earlier proceeding of this same case): “[I]t is not that a single secured creditor may have an absolute veto which should be of concern. Instead, it is that the unsecured creditors, who may hold a small percentage of the claims, may gain total control over the arrangement.” Id. at 914.
The majority opinion ignores the plain and unambiguous language of sections 461(11) and 468 of the Bankruptcy Act in order to avoid what they believe is an “absurd result.” I note, however, that this “absurd result” has been reached by the overwhelming majority of courts to address the issue, including every relevant circuit court opinion. Gardens of Cortez v. John Hancock Mutual Life Insurance Co., 585 F.2d 975 (10th Cir.1978); Taylor v. Wood, 458 F.2d 15 (9th Cir.1972); In re Herweg, 119 F.2d 941 (7th Cir.1941); In Re Spicewood Associates, 445 F.Supp. 564 (N.D.Ill.1977); Matter of Schwab Adams Co., 463 F.Supp. 8 (S.D.N.Y.1978); Matter of Georgetown Apartments, 468 F.Supp. 844 (M.D.Fla.1979); In Re Stillbar Construction Co., 4 Bankr.Ct.Dec. 1110 (N.D.Ga.1978) (District Judge Edenfield affirming the bankruptcy court’s opinion); In Re Perimeter Park Investment Associates, Ltd., supra. See generally Kyser v. MacAdam, 117 F.2d 232 (2nd Cir.1941); In Re Hamburger, 117 F.2d 932 (6th Cir.1941). Moreover, I believe the majority opinion is inconsistent with controlling precedent in this circuit, Kunze v. Prudential Insurance Co., 106 F.2d 917 (5th Cir.1939), although I concede the rationale of that case is less than articulate. Unlike the majority, I cannot reject these cases as poorly reasoned and adopt the rationale of a handful of bankruptcy court decisions.
For these reasons, I believe the order of confirmation should be reversed.