Wayne J. DAVIS, et al., Plaintiffs,

v.

Harold MEYERS, et al., Defendants.

No. CV–R–83–457–ECR.

United States District Court,
D. Nevada.

Feb. 21, 1984.

---

1. All pending discovery motions in this case likewise are dismissed without prejudice to re- newal in State court.

Donald C. Hill, Zephyr Cove, Nev., for plaintiffs.

Janet Bereonio, Carson City, Nev., Robert S. Gelb, Deputy Atty. Gen., Las Vegas, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Judge Thompson's Order of December 16, 1983, denied plaintiffs' "Motion for Temporary Restraining Order, Preliminary and Permanent Injunctions," and dismissed this action "without prejudice until such time as Plaintiffs have exhausted their state administrative remedies." On January 9, 1984, plaintiffs filed a Notice of Appeal from Judge Thompson's Order.[1] On February 8, 1984, plaintiffs filed a Motion "For Stay or Order Pending Appeal, For Temporary Restraining Order, Preliminary and Permanent Injunctions." On February 13, 1984, this action was reassigned to the undersigned Judge for all further proceedings.

■ Subject to certain limited exceptions, "[t]he filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Central Valley Typographical Union,* 686 F.2d 731, 734 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). One ex-

ception enables the district court to act in aid of the court of appeals in the exercise of its jurisdiction. *Davis v. United States,* 667 F.2d 822, 824 (9th Cir.1982), *United States v. Linton,* 502 F.Supp. 871, 874 (D.Nev.1980). Thus, a district court may correct ambiguities or clerical errors in the order that is being appealed. *See, e.g., Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883), *United States v. Barletta,* 644 F.2d 50, 53 (1st Cir.1981). However, once an appeal is filed this Court cannot, under this exception, take any action that would alter or modify the substance of the matter on appeal. *Sumida v. Yumen,* 409 F.2d 654, 655–56 (9th Cir.1969), *cert. denied* 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972), 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice & Procedure § 3949 at 359 (1977).

■ Another exception, codified in Fed. R.Civ.P. 62(c), is possibly applicable to Judge Thompson's denial of injunctive relief. *McClatchey,* 686 F.2d at 734. Rule 62(c) provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of an appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Injunctive relief pending appeal under Rule 62(c) should only be granted upon the following conditions:

> (a) After the applicant for a stay has made a strong showing that he is likely to succeed on the merits of the appeal;
>
> (b) After the applicant has established that unless a stay is granted he will suffer irreparable injury;
>
> (c) If the applicant for a stay can show that no substantial harm will come to other interested parties; and

---

1. "That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District

Court was concerned." *United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 794 n. 1, 69 S.Ct. 824, 825 n. 1, 93 L.Ed. 1042 (1949).

(d) If the court finds that granting the stay will do no harm to the public interest.

*Stop H–3 Association v. Volpe,* 353 F.Supp. 14, 16 (D.Haw.1972); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2904 at 316 (1973). The requirement of a "strong showing" of likelihood of success on the merits is more stringent than the "reasonable probability" standard that is applicable to an application for a preliminary injunction. *Bayless v. Martine,* 430 F.2d 873, 879 (5th Cir.1970), *cert. denied* 406 U.S. 930, 92 S.Ct. 1775, 32 L.Ed.2d 132 (1972).

 After consideration of the application of these factors to the present case, the Court finds that injunctive relief under this Rule is not warranted. In particular, we note that plaintiffs have failed to make a strong showing that they are likely to succeed on the merits of an appeal from Judge Thompson's denial of injunctive relief.[2]

The Court notes that a somewhat relaxed standard is applied to affidavits submitted in support of a preliminary injunction. 11 C. Wright & A. Miller, *supra,* § 2949 at 470–72 (1973). However, this rule is based on "the urgency that necessitates a prompt determination of a preliminary injunction application" which makes it "more difficult to obtain affidavits from people who are competent to testify at trial ...." *Id.* These factors are not present in this case. The Court notes that plaintiffs have had

since December 16 to supplement the affidavit that was submitted to Judge Thompson, but they have apparently chosen not to do so.[3] We further note, however, that since the hearing before the Board of Dispensing Opticians will not occur until March 3, 1984 (according to plaintiffs), ample time exists for plaintiffs to provide this Court with adequate factual statements in support of injunctive relief under Rule 62(c).[4]

IT IS, THEREFORE, HEREBY ORDERED that plaintiffs' motion for injunctive relief pending appeal is denied.

**2.** On cursory examination, *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), appears to support plaintiffs' position. The outcome of that case, however, was based on the Court's conclusion that it was "remote ... from the local realities underlying this case," and the likelihood "that the District Court [had] a firmer grasp of the facts and of their significance to the issues presented," so that there was "no good reason on this record to overturn its conclusion ...." *Id.* at 579, 93 S.Ct. at 1698. Thus, *Gibson* does not state a per se rule of disqualification in cases where competitors sit on licensing boards. Instead, the merits of each case must be considered individually. In the present case, plaintiff Wayne Davis' affidavit claims personal knowledge of the facts alleged in all documents on file as of December

7, 1983, and thus is deemed to incorporate those documents by reference. However, its allegations are conclusory and unsupported, and do not demonstrate that plaintiffs are entitled to injunctive relief. *See* 11 C. Wright & A. Miller, Federal Practice & Procedure § 2949 at 470 (1973).

**3.** While we express no opinion as to their evidentiary weight, if any, we note that the factual statements contained in documents filed in support of the motion now under consideration are unverified.

**4.** Plaintiffs may also seek injunctive relief, during the pendency of their appeal, from the Ninth Circuit Court of Appeals under Fed.R. Civ.P. 62(g).