**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 97-2558**

———————————

In Re: SALVAGE DELACY STITH,

                                                            Debtor.

_____

SALVAGE DELACY STITH,

                                            Debtor - Appellant,

        versus

BANKERS TRUST COMPANY OF CALIFORNIA, N.A.,

                                            Creditor - Appellee,

        and

FRANK J. SANTORO; UNITED STATES TRUSTEE,

                                            Parties in Interest.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge.
(CA-97-386)

———————————

Submitted: February 17, 1998        Decided: March 17, 1998

———————————

Before NIEMEYER and LUTTIG, Circuit Judges, and HALL, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Salvage Delacy Stith, Appellant Pro Se. Kristin Robbins Blair, SHAPIRO & BURSON, Virginia Beach, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Salvage Delacy Stith filed a Chapter 13 petition with the United States Bankruptcy Court. The bankruptcy filing operated as an automatic stay under 11 U.S.C. § 362 (1994). The bankruptcy court lifted the automatic stay, finding that Stith failed to make mortgage payments on his residence as required under the plan. Stith appealed that order and sought a stay from the district court. Subsequently, the bankruptcy court dismissed Stith's bankruptcy petition because Stith materially defaulted on the plan. Specifically, Stith defaulted by failing to pay the IRS's secured claim of $101,515.29 plus 8% interest by April 1, 1997, as provided by the plan. The district court dismissed Stith's appeal from the bankruptcy court's order lifting the automatic stay as moot, finding that the dismissal of the bankruptcy petition vested the property of the estate in the entity in which the property was vested immediately prior to the commencement of the bankruptcy proceedings. See 11 U.S.C. § 349(b)(3) (1994); see also In re Weathersfield Farms, Inc., 34 B.R. 435, 439 (Bankr. D. Vt. 1983) (holding that the § 362 automatic stay terminated upon dismissal of the case). Therefore, whether the stay was properly lifted is moot because, even if the stay should not have been lifted, it terminated when the bankruptcy proceeding was dismissed. See Gardens of Cortez v. John Hancock Mut. Life Ins. Co., 585 F.2d 975, 978 (10th Cir. 1978). Accordingly, we affirm on the reasoning of the district court. See In re: Stith, No. CA-97-386 (E.D. Va. Oct. 8, 1997). We dispense with oral argument because the facts and legal contentions

3

are adequately presented in the material before the court and argument would not aid in the decisional process.

AFFIRMED