

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2006

# In Re Montelione

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re Montelione " (2006). *2006 Decisions.* Paper 1106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3284
_____

CLAUDIA A. MONTELIONE,
Appellant

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-0900)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2006

Before:  FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES

Filed May 15, 2006

_____

OPINION
_____

PER CURIAM.

Appellant, Claudia Montelione, appeals pro se from an order entered by the

District Court dismissing her appeal from the Bankruptcy Court, following its order

granting Montelione's motion to voluntarily dismiss her Chapter 13 petition.  For the

reasons that follow, we will affirm.

In October 2004, the Harford, Pennsylvania home occupied by Montelione and her family was sold at sheriff's sale to the Federal National Mortgage Association ("Fannie Mae") in satisfaction of a judgment entered by the Susquehanna County Court of Common Pleas in a mortgage foreclosure action. The next month, Fannie Mae filed an action in ejectment in the Court of Common Pleas seeking to remove Montelione and her family from the property.

While that action was pending, Montelione filed a bankruptcy petition under Chapter 13 in the United States Bankruptcy Court for the Middle District of Pennsylvania. In those proceedings, Fannie Mae moved for and was granted relief from the automatic stay of the ejectment proceedings. See 11 U.S.C. § 362(d). Montelione appealed to the District Court. Shortly thereafter, however, Montelione moved to voluntarily dismiss her Bankruptcy Court petition. The Bankruptcy Court granted the motion on May 18, 2005. The same day, Fannie Mae requested that the dismissal order be amended to include an order barring Montelione from commencing another bankruptcy proceeding within 180 days of the voluntary dismissal. See 11 U.S.C. § 109(g)(2). The Bankruptcy Court granted the motion by order entered June 28, 2005.

Meanwhile, the District Court had dismissed Montelione's appeal by order entered May 24, 2005, noting that "[i]t is axiomatic that the voluntary dismissal of the underlying action on which an appeal was taken necessarily results in the termination of the appeal." Montelione moved for reconsideration in the District Court, arguing that the motion filed in the Bankruptcy Court by Fannie Mae to amend the dismissal order

2

rendered the bankruptcy case "very much alive."  By order entered June 2, 2005, the District Court denied the motion for reconsideration.  Montelione appealed.

Montelione alleges that the District Court improperly dismissed her appeal because "there was still activity on [her] case in the Bankruptcy Court," namely, the adjudication of Fannie Mae's motion to amend the dismissal order.  We disagree.  In general, a bankruptcy appeal becomes moot if the appellate court is unable to grant effective relief because of events that occurred during the appeal.  See United Artists Theatre Co. v. Walton, 315 F.3d 217, 226 (3d Cir. 2003).  Here, once the Chapter 13 proceedings were voluntarily dismissed, the District Court could not have granted relief with respect to the lifting of the automatic stay.  See In re Barbieri, 199 F.3d 616, 621 (2d Cir. 1999) (noting that "under 11 U.S.C. §§ 349(b) and 362(c), a voluntary dismissal results in the debtor forfeiting the protections afforded by the automatic stay.").  Thus, Montelione's voluntary dismissal of her bankruptcy petition rendered moot her appeal of the Bankruptcy Court's order lifting the automatic stay.  See Gardens of Cortez v. John Hancock Mut. Life Ins. Co., 585 F.2d 975, 978 (10th Cir.1978) (holding that creditor's "request that the stay order be lifted became moot when the bankruptcy judge dismissed the petition.").

Furthermore, contrary to Montelione's claim, Fannie Mae's motion to amend the Bankruptcy Court's dismissal order did not reopen the underlying proceedings so as to confer jurisdiction in the District Court.  Indeed, the Bankruptcy Court's consideration of the motion to amend the dismissal order did not restore the District

3

Court's ability to provide effective relief. The bankruptcy case remained dismissed; the only issue being adjudicated before the Bankruptcy Court was whether that dismissal should specifically include an order pursuant to § 109(g)(2) barring Montelione from filing for bankruptcy within 180 days of her voluntary dismissal.

For the foregoing reasons, we will affirm the order of the District Court, effectively dismissing as moot Montelione's appeal from the Bankruptcy Court's order granting relief from the automatic stay of ejectment proceedings.