**In the Matter of Madeline Dorr TAYLOR, Debtor-Appellant,**

v.

**B. G. WOOD and Mary D. Wood, Creditors-Appellees.**

**No. 25838.**

United States Court of Appeals, Ninth Circuit.

April 13, 1972.

Alfred Nelson (argued), Oakland, Cal., for debtor-appellant.

Richard M. Callaghan (argued), Livermore, Cal., for creditors-appellees.

Before CHAMBERS and HAMLIN, Circuit Judges, and JAMESON, District Judge [*]

PER CURIAM:

Debtor-appellant, Madeline Dorr Taylor, filed a petition on July 15, 1969 for a real property arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C. 801 et seq. Appellees, B. G. Wood and Mary D. Wood, the sole affected creditor, hold a deed of trust covering the property.

Following a hearing on November 5, 1969 the referee found that the Woods declined to accept the debtor's plan, which in effect was simply a request for "reasonable time in which to sell" the property; that the Woods had been restrained from foreclosing their deed of trust since the inception of the proceedings; and that the debtor had received no bona fide offer (after consultation with over 400 real estate brokers) to purchase the property.

In dismissing the petition the referee concluded that (1) debtor's plan was incapable of confirmation under Section 467 or 468 of the Bankruptcy Act where the lone creditor affected refused to accept; [1] and (2) the plan was not an arrangement contemplated by Section 461 but simply a request for a restraining order, and in any event debtor had a reasonable time to sell.

Upon the debtor's petition for review the district court held that the referee properly rejected the proposed plan of arrangement, but that the debtor had received insufficient notice under § 881(2). In an order entered February 27, 1970 the court remanded to the referee for further proceedings.

The debtor appealed to this court on March 25, 1970. On April 6, 1970 the district court entered an order vacating the February 27 order, finding that the notice given the debtor was sufficient, and affirming the referee's order of dismissal.

We agree with the holding of the district court in its February 27, 1970 order that there was no abuse of discretion on the part of the referee in dismissing the petition. The district court, however, lacked jurisdiction to enter its order of April 7, 1970 since an appeal had already been taken from its February 27 order. The April 7 order was a nullity.[2]

---

[*] Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. Creditor approval may be accomplished by unanimous consent, Section 467 of the Act, 11 U.S.C. § 867, or by creditors holding two-thirds in amount of debts of each class, Section 468, 11 U.S.C. § 868. Where the plan is rejected by the sole affected creditor, as here, dismissal is proper.

2. See 9 Moore's Federal Practice, para. 203.11, pp. 734–5; Sumida v. Yumen, 9 Cir. 1969, 409 F.2d 654, 656–657.

We remand to the district court for appropriate order consistent with this opinion. Upon a finding that sufficient notice was given an order affirming the referee's order of dismissal may properly be entered.