HOME INSURANCE COMPANY, a New York corporation, Plaintiff-Appellant,

v.

Gene B. BURNS, dba Mr. Geno, etc., et al., Defendants-Appellees,

Tom Barrett, Party-Defendant Appellee.

Nos. 71–1109, 71–1253.

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1973.

Lee E. Esch, of Jennings, Strouss & Salmon, Phoenix, Ariz., for appellant.

Thomas W. Murphy, of Murphy, Posner & Franks, Phoenix, Ariz., Wilson, McConnell & Moroney, Phoenix, Ariz., Filler, Paytas, Shannon, Fleming & Stephensen, Phoenix, Ariz., for appellee.

Before BROWNING and GOODWIN, Circuit Judges, and JAMESON, District Judge.[*]

PER CURIAM:

On August 14, 1970, Home Insurance Company, plaintiff-appellant, filed an interpleader action against Gene B. Burns, dba Mr. Geno, and creditors of Burns who claimed proceeds of an insurance policy issued by plaintiff to Burns, and deposited $26,061.84 with the registry of the court.[1] On October 5, 1970 the court entered an order requiring interpleader, enjoining defendants from instituting actions with respect to moneys due Burns from plaintiff, discharging plaintiff from further liability and setting October 26, 1970 for hearing plaintiff's application for attorney fees.

On or about September 23, 1970 Burns was adjudicated a bankrupt. On October 26, 1970 an order was entered allowing defendant-appellee, Tom Barrett, Trustee in Bankruptcy, to intervene.

On November 25, 1970, pursuant to a motion filed by the Trustee on November 5, 1970, an order was entered setting aside the October 5, 1970 order; referring the case to the Referee in Bank-

---

[*] Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

[1] The complaint alleged that Burns had filed a proof of loss alleging a loss under the policy "in an amount exceeding $26,061.84", which had been compromised for $26,061.84.

ruptcy for determination of "the rights and priorities of the parties";[2] directing payment to the Referee of the funds deposited with the clerk; and granting "summary judgment for the defendant" trustee. There was no reference in this order to plaintiff's claim for attorney fees or anything in the record to indicate that the court ever ruled upon this claim.[3]

On December 10, 1970 plaintiff filed a notice of appeal from the November 25, 1970 order.

On December 30, 1970 the Trustee filed a "reply", stating that he had "no objection that the court restore the injunction provisions contained in the order of October 5, 1970, and incorporates same in a formal written judgment." A proposed judgment was submitted by the Trustee, which was entered by the court on January 18, 1971. This judgment granted the Trustee's motion for summary judgment, directed the registry of the court to pay the $26,061.84 to the appropriate officer in bankruptcy, and enjoined the "interpleaded claimants" from instituting any suit pertaining to this sum, "without prejudice to the rights of the claimants to determine the amount and priority of their claims in the bankruptcy proceedings." On January 21, 1971 plaintiff appealed from this judgment.[4]

Appellant contends that the order of November 25, 1970 should be reversed, "with instructions that this case be reinstated as a federal interpleader suit wherein plaintiff may obtain the relief usually granted plaintiffs in similar actions", including the recovery of reasonable attorney fees. Appellee trustee argues that the judgment of January 18, 1971 gave appellant "the relief it was seeking, that is, a permanent injunction." [5]

We agree with appellant that the issue of the allowance of attorney fees should have been determined by the district court in the interpleader action and that the case must be remanded for that determination.[6] After that issue is determined, the district court may, in its discretion, enter an appropriate order discharging appellant from further liability, award reasonable attorney fees, if found proper, and then transfer the case and balance of the fund, less any attorney fees and costs which may be allowed, to the Bankruptcy Court, where the rights and priorities among the interpleaded claimants may properly be determined.

Reversed and remanded for further proceedings consistent with this order and opinion.

2. In a memorandum filed November 24, 1970 the Trustee stated that Burns had made a claim against appellant for $37,-478.05 and argued that he had been given no opportunity to determine the fairness of the compromise settlement of the claim.

3. Memoranda were filed on October 26, 1970 in support of plaintiff's claim for attorney fees and in opposition to their allowance. The record does not disclose any hearing on this claim pursuant to the October 5, 1970 order.

4. It is questionable whether the district court had authority to enter the judgment of January 18, 1971 by reason of plaintiff's prior appeal from the November 25, 1970 order. See Taylor v. Wood, 458 F.2d 15, 16 (9 Cir. 1972). In view of our disposition of the case, it is unnecessary to consider further the various pro-

cedural irregularities discussed in appellant's brief.

5. It is apparent from the brief of appellee trustee that he now concedes that interpleader was proper and that a permanent injunction and order discharging appellant from further liability may properly be entered. In other words, the sole remaining issue between appellant and the trustee is the allowance of attorney fees.

6. Since the district court has made no finding or order with respect to attorney fees, we express no opinion on the propriety of allowing fees in this case, but call attention to the general rule in this circuit as set forth in Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194–195 (9 Cir. 1962). See also 3A Moore's Federal Practice paras. 22.16(2), 3143–62.