Edward Dunbar O'BRIEN, Plaintiff-Appellant,

v.

Peter THALL and Morris Thall, Defendants-Appellees.

No. 45, Docket 26184.

United States Court of Appeals Second Circuit.

Argued Oct. 7, 1960.

Decided Nov. 1, 1960.

Edward Dunbar O'Brien, Chicago, Ill., appellant, pro se.

Seymour L. Hendel, New London, Conn., for defendants-appellees.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

## PER CURIAM.

Plaintiff brought this action for copyright infringement and unfair competition, claiming that defendants had copied a musical composition, created and copyrighted by plaintiff, which set to music the Gettysburg address of President Abraham Lincoln. Such a musical conception was not original and several versions had been written prior to plaintiff's alleged copyright obtained in 1944. The questions for the court and the jury were whether another version created thereafter by defendant, Peter Thall, had been copied from the plaintiff's composition and if so amounted to an unlawful appropriation.

The issues were tried to court and jury for six court days. After plaintiff had rested, and again at the close of all the evidence, defendants moved for a directed verdict. The court reserved decision on both motions. The jury was unable to reach a verdict and the court granted defendants' motion for a verdict in their favor. From the judgment dismissing the action, plaintiff appeals.

The trial court had the privilege under the powers conferred by Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to entertain the motions and to reserve decision thereon. After judgment and within the time permitted by Rule 50, plaintiff moved to set aside the judgment and for a new trial. In its opinion denying the motions, the trial court clearly shows that it was mindful of the determinative issues of law and of fact in stating, "The issue of copying may be shown by proof of access and a showing that on an analysis and dissection of the defendant's composition sufficient similarity in the use of chords, chord progression, devices used for tone color, key changes, rhythm, melody, etc., to those used in the plaintiff's composition in a phrase by phrase comparison as reasonably to support the inference that the defendant must have copied from the plaintiff." The court then concluded, "There is no evidence that the defendant's composition *as written* has, on dissection and analysis, any similarities whatever with the plaintiff's composition." The court was not unaware that motions for a verdict direction should not be lightly granted but it was "only where it is abundantly clear that there is a complete dissimilarity in the melody and accompaniment of the two pieces that a directed verdict on this issue would be warranted." Nevertheless, having had the benefit of all the evidence, he held, "As there was no competent evidence to support the plaintiff's claims, either on the issue of copying or unlawful appropriation, a directed verdict for the defendant [sic] was called for" and that "no other conclusion can be reached in the present case."

On appeal we had the benefit of hearing in open court a tape recording made by the appellant of his own composition and a comparison thereof with the defendant's work as reproduced by the appellant for purposes of the appeal. We have also studied the printed sheet music texts of the appellant's copyrighted work and of the allegedly infringing copies together with the written analyses and comparisons of the two versions which had been received in evidence. We too find no substantial evidence of copying or wrongful appropriation. See particularly Arnstein v. Porter, 2 Cir., 154 F.2d 464. It seems to us plain that the ruling below was right. That conclusion is further fortified by the consideration that any similarities of rhythm which are plainly attributable to the words and phrases of the common "lyric," constitute no indication whatever of improper copying or wrongful appropriation. For just as the text of the address is in the public domain so is the natural rhythm of the words in which its thoughts are articulated.

The appellant makes other claims of error which are wholly lacking in merit. Merely because pretrial motions were held before the court in its seat at Hartford, trial at the seat of court in New Haven was not improper: no question of venue was thereby raised. There are no rules of law which require a pretrial exchange of exhibits or of copyright proofs and there is no showing that the defendants failed to comply with any order of disclosure. Nothing in the record to which the appellant points supports his accusation of obstructive trial tactics. And certainly his motion for a new trial, in so far as based on a claim of additional evidence, does not satisfy the requirements of Rule 60(b). Decision on the motions for a directed verdict was properly reserved and properly rendered in all respects in conformity with the letter and spirit of Rule 50.

The *lack of evidence* upon which the directed verdict was based could not possibly be attributed to evidence which allegedly had been erroneously received. And the evidence which appellant vaguely refers to as having been erroneously excluded appears to have been inadmissible as hearsay or opinion evidence. In any aspect such evidence was irrelevant on the issue of wrongful appropriation as defined in Arnstein v. Porter, supra. Such evidence, even had it been received, would not have supplied the lack of evidence of copying or wrongful appropriation which was apparent on the face of the musical scores in evidence.

There is no need for us to consider the claims of error in the judge's charge. For if we are right in holding that for lack of evidence as to any essential element the judgment for the defendants was rightly directed, error in the charge, if any, could not possibly be prejudicial.

Affirmed.