| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien filed: Date | Office Location |
|---|---|---|---|---|---|---|---|
| INCOME | 12–31–74 | 12–26–77 | $ 0– | $ 14.68 | $ 140.96 | 5–19–78 | Shawnee County |
| INCOME | 12–31–75 | 12–26–77 | 1,979.24 | 723.25 | 1,015.90 | 5–19–78 | Shawnee County |
| INCOME | 12–31–76 | 6–19–78 | 2,773.76 | 1,419.56 | 1,257.07 | 8–14–78 | Shawnee County |
| INCOME | 12–31–77 | 10–09–78 | 3,360.00 | 1,546.77 | 1,232.46 | 12–14–78 | Shawnee County |
| INCOME | 12–31–78 | 8–13–79 | 2,922.51 | 486.82 | 703.34 | 11–28–79 | Shawnee County |
| INCOME | 12–31–79 | 6–09–80 | 5,330.00 | 632.35 | 880.75 | 1–09–81 | Shawnee County |
| WT–FICA | 6–30–79 | 2–09–81 | 2,956.43 | 1,266.26 | 709.64 | 2–09–81 | Shawnee County |
| WT–FICA | 9–30–79 | 5–26–80 | 1,850.55 | 824.18 | 479.48 | 7–25–80 | Shawnee County |
| WT–FICA | 12–31–79 | 4–14–80 | 1,700.11 | 482.26 | 444.56 | 6–20–80 | Shawnee County |
| WT–FICA | 6–30–80 | 2–09–81 | 3,613.55 | 1,066.00 | 502.81 | 2–09–81 | Shawnee County |
| WT–FICA | 9–30–80 | 2–16–81 | 4,305.84 | 623.91 | 428.95 | 2–23–81 | Shawnee County |
| WT–FICA | 12–31–80 | 3–30–81 | 4,763.45 | 404.64 | 311.50 | 4–27–81 | Shawnee County |
| FUTA | 12–31–79 | 5–25–81 | 158.19 | 49.66 | 29.62 | 7–28–81 | Shawnee County |

In re Joseph A. CIAMPI, Debtor.

Arthur J. GERSTL, Trustee, Plaintiff,

v.

WATERBURY TEACHERS CREDIT UNION, Defendant.

Bankruptcy No. 205–5–81–00582.

Adv. No. 205–5–81–0331.

United States Bankruptcy Court, D. Connecticut.

April 20, 1982.

Arthur J. Gerstl, Bridgeport, Conn., for plaintiff.

Alvin Rosenbaum, Waterbury, Conn., for defendant.

## MEMORANDUM AND ORDER

ALAN H. W. SHIFF, Bankruptcy Judge.

This matter is before the court on Waterbury Teachers Credit Union's Motion For Relief From Judgment.

On September 1, 1981, the trustee instituted an adversary proceeding against the defendant, Waterbury Teachers Credit Un-

ion, pursuant to 11 U.S.C. § 547 to avoid an alleged preferential transfer of $5,000.00 made by the debtor to the defendant in satisfaction of a promissory note. On October 22, 1981, the parties stipulated that judgment enter in favor of the plaintiff, and it was so ordered. Thereafter, the defendant proceeded against an unidentified co-maker of the note. In the course of that activity, the defendant found evidence which, it argues, demonstrates that the avoided transfer did not, in fact, involve funds of the debtor's estate. That evidence consists of a $5,000.00 check drawn by the debtor's father, made payable to the debtor, endorsed by the debtor, and paid by the debtor to the defendant in the ill-fated transfer.

On December 16, 1981, the defendant filed a motion, pursuant to Rule 60 of the Federal Rules of Civil Procedure, for relief from judgment. Apparently, the defendant invokes F.R.Civ.P. 60(b)(2) which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

The plaintiff objects to the defendant's motion on the basis that it is time-barred, since it was not filed within ten days of the judgment from which relief is sought. The plaintiff further contends that the "newly discovered evidence" could have been discovered with due diligence. Lastly, the plaintiff contends that the $5,000.00 which had been transferred by the debtor to the defendant should be deemed a part of the debtor's estate, even if the $5,000.00 check were considered "newly discovered evidence."

■ The plaintiff's first ground for objection lacks merit. Rule 924 of the Bankruptcy Rules makes F.R.Civ.P. 60 applicable in bankruptcy cases with certain exceptions

which are of no relevance in the instant proceeding. *See generally*, 7 *Moore's Federal Practice* ¶ 60.18[7] (2d ed. 1948). F.R. Civ.P. 60 does not impose a ten day limitation on filing for relief after judgment has been entered. There is some question, however, concerning the applicability of Rule 60(b)(2) where there has been no trial. *Westerly Electronics Corporation v. Walter Kidde & Company*, 367 F.2d 269, 270 (2d Cir. 1966).[1] Assuming, *arguendo*, that the motion is applicable here, the motion must nevertheless fail.

The defendant has not shown nor has he attempted to show why the check could not have been discovered with due diligence. There is no claim, for instance, that the defendant sought evidence of the source of payment but was thwarted because such evidence was "hidden at the time of judgment." *Ryan v. United States Lines Company*, 303 F.2d 430, 434 (2d Cir. 1962). Where the moving party could have readily discovered the evidence by the time of the original order or judgment, relief pursuant to Rule 60(b)(2) is inappropriate. *See Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616, 619 (2d Cir. 1951).

Moreover, I am not persuaded that the additional evidence would alter the judgment from which the defendant seeks relief. The test for deciding whether a transfer is preferential, when the transferred funds can be traced to a third party, has been described in this circuit as follows:

> There is no evidence that [the third party] conditioned this loan . . . upon the payment of any particular creditor or that he cared who was paid. We believe the arrangement was such that [the bankrupt] rather than [the third party] designated the creditor to be paid and controlled the application of the loan which it secured from its landlord. The

existence of this control determines whether the payments were preferential transfers by the bankrupt or were payments by a third party who did not make the loans generally but made them only on condition that a particular creditor receive the proceeds.

*Smyth v. Kaufman*, 114 F.2d 40, 42 (1940).

In the instant proceeding the "newly discovered evidence" ($5,000 check) offers no support for the defendant's contention that the debtor's father designated that the defendant be paid. For example, there is no evidence that the debtor's father was the surety on the note from which such designation might be inferred. *See Id.* Here nothing rebuts the conclusion that the debtor had unqualified control of the funds. Even if it is true, as the defendant argues, that the debtor borrowed the money from his father specifically to pay the defendant, the debtor's intent is no basis for imposing a trust on the borrowed funds which would separate them from the debtor's estate. This result can only be based on the conditions which the third party imposes. Since the evidence which the defendant offers pursuant to F.R.Civ.P. 60(b)(2) is insufficient to alter the original judgment, the motion should be denied. *See O'Brien v. Thall*, 283 F.2d 741, 743 (2d Cir. 1960).

For the above reasons, it is ORDERED that the defendant's Motion For Relief From Judgment is denied.

---

1. In discussing this question, the appellate court distinguished *Westerly*, in which some evidence was introduced before the order, from those cases in which no evidence was previously introduced. *Westerly* at 270 n. 1. In the instant proceeding no evidence was introduced before the order.