**In the Matter of GAGEL & GAGEL, an Ohio General Partnership, Debtor.**

**Bankruptcy No. 3–82–01679.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 1, 1982.

Robert W. Werth, Columbus, Ohio, for American Fidelity Inv.

Horace W. Baggott, Jr., Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

On 30 September 1982 Debtor filed an "Application for an expansion of time to file disclosure statement and plan for reorganization," which was set for disposition after notice and hearing as required by statute. 11 U.S.C. § 1121(d).

On 25 October 1982 was filed an "Objection of American Fidelity Investments to Application For Expansion of Time Within Which to File Disclosure Statement and Plan of Reorganization," arguing: "This has to be one of the simplest Chapter 11 cases ever filed and if the debtor cannot come up with a plan within the allotted 120 days where there is only one asset and two secured creditors, the debtor ought to cease wasting this Court's time and the time of the creditors. The current application is

just another example of the debtor attempting to delay this proceeding with no hope for any successful reorganization." The objector also again seeks a dismissal. This matter came on for hearing on 26 October 1982.

In the meantime, this Court on 20 October 1982 had held that the nonexistence of unsecured creditors in a Chapter 11 Reorganization case does not defeat jurisdiction and is not *ipso facto* proof of the use of the process as a sham or bad faith filing, and overruled a motion to dismiss, filed in behalf of American Fidelity Investments, as first mortgage holder. It was held that invoking the Chapter 11 process for a reorganization which involves the restructuring of secured debts only by an apparently defaulting, though solvent, debtor, is appropriate.

The application *instanter,* in urging that there is only one asset, glosses over a chose in action now in litigation based upon a scheduled contingent liability in the amount of $250,000.00. The trial of this ancillary lawsuit has been delayed because of necessity for vigorous discovery proceedings and is the basis given for seeking the increase of the 120-day filing period to 180 days. Apparently this request should be interpreted to mean an extension of the exclusive filing period afforded by debtor by 11 U.S.C. § 1121(b). The objector, in addition to opposing an extension of time, renews its request for a dismissal of the case.

The persistent litigation of such ancillary "motions" and "applications" is involving court time in deference to the really crucial, endemic aspects of a Chapter 11 Reorganization, forestalling questions of adequate protection and other basic problems of a viable reorganization, fair and equitable to the impaired classes.

The court, therefore, is constrained to amplify and comment upon factors not broached by the interested parties for the purpose of setting a more productive administrative course.

■ As mentioned in the previous order herein denying a dismissal of the case

for want of unsecured creditors, a reorganization plan may consist of only a workout with secured creditors. The Congress anticipated and condoned such a succession from Chapter XII of the Bankruptcy Act although concern over abuses of the Chapter XII process by utilization to alter the position of a single secured creditor prompted a provision in the Code that a least one class of claims must accept the plan. 11 U.S.C. § 1129(a)(10). See *Taylor v. Wood,* 458 F.2d 15 (CA 9, 1972); *Meyer v. Rowen,* 195 F.2d 263 (CA 10, 1952). In this case, there are only two creditors (both secured) and at least one class which may reasonably be expected to be impaired by anything less than being "cashed out." See 11 U.S.C. §§ 1124(3) and 1111(b)(2). The Code also adopts the Chapter X approach in precipitating, as a substitute for "feasability," the necessity for a Plan to be either a liquidation or one that will not likely be followed by the need for further financial reorganization. 11 U.S.C. § 1129(a)(11).

Further, since the other secured party (second mortgagee) of the debtor partnership (Gagel & Gagel) is related and a partnership "insider", there cannot be any class for purposes of satisfying the confirmation condition of an accepting class without the cooperation of the objector herein (first mortgagee).

With this additional perspective, and in view of the pending state court foreclosure action, the court is constrained to decide that extension of the 120-day exclusive period for filing a Plan to 180 days would not only be fruitless, but probably counterproductive. The Debtor may file a plan at any time. 11 U.S.C. § 1121(a). The statutory scheme should now be pursued to permit the other parties in interest to file a Plan, if so inclined.

ORDERED, ADJUDGED AND DECREED, that the application for expansion of time within which to file a disclosure statement and Plan of Reorganization by the Debtor should be, and is hereby denied.

ORDERED, that the request for dismissal of the case is again denied, for the reasons previously enunciated.