**In re GAGEL & GAGEL, an Ohio General Partnership, Debtor.**

**Bankruptcy No. 3–82–01679.**

United States Bankruptcy Court, S.D. Ohio, W.D.

May 25, 1983.

Robert W. Werth, Columbus, Ohio, for plaintiff.

James M. Brennan, Dayton, Ohio, for Louise E. Gates.

Horace W. Baggott, Jr., Dayton, Ohio, for debtors.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court upon Motion to Dismiss filed on 22 February 1983 by American Fidelity Investments (hereinafter AFI). AFI essentially requests that the Court dismiss the instant Petition on the basis that Debtor is incapable of proposing a plan of reorganization capable of confirmation because Debtor cannot satisfy the requirement of 11 U.S.C. § 1129(a)(10) that "at least one class of claims accept the plan." * AFI's Motion was accompanied by a memorandum of law which AFI "supplemented" by an additional filing dated 13 April 1983. The Court heard the Motion on 28 March 1983, at which time Debtor requested one week to file a memorandum *contra* to AFI's. To date, Debtor has not filed any written legal argument. AFI's Supplemental Memorandum of 13 April 1983 reiterates AFI's argument regarding 11 U.S.C. § 1129(a)(10) as a basis for dismissal, and adds the fact of Debtor's failure to file a responsive memorandum to AFI's Motion to Dismiss as an independent basis for dismissal.

### FINDINGS OF FACT

Debtor is apparently solvent and has scheduled only two creditors, AFI and an insider, both apparently considerably oversecured by a fractional interest in real estate (a farm) comprising Debtor's principal asset. Debtor's other asset of record is a contract claim asserted by Mr. Gagel (a partner of the instant Debtor) in his personal capacity in an adversarial proceeding before this Court in relation to a different

---

* The Motion raises several other questions which appear moot or essentially resolved at this point. First, AFI also requests dismissal on the basis of Debtor's failure to file either a disclosure statement or plan of reorganization. As discussed below, Debtor filed both documents on 14 March 1983. In addition, AFI also requests dismissal on the basis of this Court's alleged lack of jurisdiction, citing this Court's opinion in *Winters National Bank & Trust v. Schear Group (Matter of Schear Realty)*, 25 B.R. 463, 9 B.C.D. 1210, B.L.D. ¶ 68,949 (Bkrtcy.Ohio, 1982). It is the specific finding of the Court, however, that jurisdiction over this matter lies in 28 U.S.C. § 1471(a) and (b), and that this Court need inquire no further into the jurisdictional issue, as elaborated in this Court's opinion in *Matter of Clark,* 30 B.R. 182 (Bkrtcy.Ohio, 1983), and in accordance with Model Rule (d)(1) and (2) and *White Motor Corporation v. Citibank, N.A.,* 704 F.2d 254 (6th Cir., 1983).

debtor's estate. See this Court's opinions in *Matter of Gagel & Gagel,* 24 B.R. 671 (Bkrtcy.Ohio, 1982) and *Matter of Gagel & Gagel,* 24 B.R. 674 (Bkrtcy.Ohio, 1982) for elaborated facts incorporated herein by reference. The Court also notes that in the opinion of 20 October 1982, the Court specifically reserved all findings regarding Debtor's viability.

Debtor's Petition herein, filed on 10 June 1982, was apparently prompted by the rendering of a Judgment Decree in Foreclosure on 17 May 1982 in favor of AFI. The Court, however, specifically makes no findings herein regarding the *bona fides* of Debtor's purpose for filing.

On 14 March 1983, Debtor filed a disclosure statement and proposed plan of reorganization which proposes to cure the default on its obligation to AFI. Note 11 U.S.C. § 1124(1). The plan also proposes, in essence, to assign Debtor's contingent contract claim in full satisfaction of the debt owed AFI by issuance of a new note to be funded by Mr. Gagel's contribution of all proceeds from his contract action.

AFI contends that Debtor's Plan renders AFI's claim "impaired." 11 U.S.C. § 1124. AFI further contends that it is the single noninsider creditor, and alone constitutes the only "class of claims" for the purposes of the requirement of 11 U.S.C. § 1129(a)(10) that "at least one class of claims [excluding insiders] has accepted the plan" before such plan may be confirmed by the Court. AFI therefore argues that a plan of reorganization cannot be confirmed without its acceptance, and since its acceptance is being withheld, that Debtor's proceeding should accordingly be dismissed.

The Court also notes that the other creditor of record, Louise E. Gates, (Mr. Gagel's aunt, and thus an insider by virtue of being a relative of a general partner of Debtor, 11 U.S.C. § 101(25)) filed a "Memorandum" on 4 April 1983 wherein she indicates her "full support" of AFI's Motion to Dismiss.

## DECISION AND ORDER

### I.

█ The initial question before the Court is whether the failure of an appearing party to file a written memorandum *contra* to a motion and accompanying memorandum of record, without more, *ipso facto* warrants the granting of the motion. It is the determination of the Court that such failure should not relieve this Court of the duty to inquire into the *prima facie* merits of the motion. The Court emphasizes that Debtor-Defendant appeared at the hearing to consider the instant Motion and voiced objection to the Motion. Although the Court granted one week leave from the date of hearing to file a memorandum *contra,* it is the opinion of the Court that, unless specifically ordered by the Court, the filing of a memorandum *contra* is within the discretion of trial counsel, and should not ordinarily justify a default or dismissal sanction. Note Local District Court Rule 4.0.2.

### II.

A plan of reorganization under 11 U.S.C. Chapter 11 may be confirmed "only if," *inter alia:*

> At least one class of claims has accepted the plan, determined without including any acceptance of the plan by any insider holding a claim of such class. [11 U.S.C. § 1129(a)(10).]

The basic issue before the Court is whether the instant record supports a finding that Debtor is incapable of proposing a plan of reorganization which will satisfy the criterion of 11 U.S.C. § 1129(a)(10).

█ It is the determination of the Court that a lone noninsider creditor in a Chapter 11 case, whether or not the claim of such creditor is impaired, possesses, by virtue of 11 U.S.C. § 1129(a)(10), an "absolute veto" power over the confirmation of any plan the Chapter 11 debtor may propose.

█ It is the finding of the Court that Debtor's present proposed Plan impairs the claim of AFI. The Plan, in essence, proposes an accord and satisfaction of AFI's claim by substitution of a new note to be paid with anticipated proceeds from a contingent claim of a general partner in his personal

capacity. 11 U.S.C. § 1124 essentially presumes impairment of a claim unless such claim is paid in cash or unless the creditor is restored to the full benefit of his claim as originally contemplated by the parties.

The instant plan is therefore incapable of confirmation because AFI, as the holder of an impaired claim, is the only noninsider creditor, (and thus the only creditor capable of accepting Debtor's proposed Plan for purposes of satisfying 11 U.S.C. § 1129(a)(10)), and has opted to reject the proposed Plan.

The remaining question before the Court is whether the record further justifies dismissal of Debtor's entire proceeding.

█ If Debtor were subsequently to propose a plan which did not impair AFI's claim, AFI would be statutorily deemed to have accepted such plan. 11 U.S.C. § 1126(f). It is the determination of this Court, however, that deemed acceptance does not satisfy the requirement of acceptance for purposes of 11 U.S.C. § 1129(a)(10). In this regard, the Court notes that 11 U.S.C. § 1129(a)(8) specifically separates "classes that have accepted" from "classes that are not impaired." It is the opinion of the Court that 11 U.S.C. § 1129(a)(10) requires the affirmative acceptance of at least one class of creditors, and that such acceptance, though presumed by the fact of nonimpairment of a claim, may be rebutted by the actual rejection of a nonimpaired creditor. *In re Dreske*, 25 B.R. 268, n. 2 (Bkrtcy.E.D.Wisc.1982); *In re Pine Lake Village Apartment Co.*, 21 B.R. 478, 8 B.C.D. 1334 (Bkrtcy.S.D.N.Y.1982); *In re Ciampi*, 19 B.R. 810 (Bkrtcy.D.Conn.1982); *In re Economy Cast Stone Co.*, 16 B.R. 647, 8 B.C.D. 807, B.L.D. ¶ 68,568 (Bkrtcy.E.D. Virg.1981); *In re Barrington Oaks General Partnership*, 15 B.R. 952, 8 B.C.D. 569, 5 C.B.C.2d 969 (Bkrtcy.D.Utah 1982), containing an excellent discussion of policy and legislative history; and *In re Marston Enterprises, Inc.*, 13 B.R. 514, 7 B.C.D. 1403 (Bkrtcy.E.D.N.Y.1981). See *contra*, *In re W.E. Parks Lumber Company, Inc.*, 19 B.R. 285, 8 B.C.D. 1238 (Bkrtcy.W.D.La.1982); and *In re Landau Boat Company*, 13 B.R.

788, 7 B.C.D. 1367 (Bkrtcy.W.D.Mo.1981). See also *In re Bel Air Associates, Ltd.*, 4 B.R. 168, 6 B.C.D. 284, 2 C.B.C.2d 103 (Bkrtcy.W.D.Okl.1980), holding that deemed acceptance may satisfy 11 U.S.C. § 1129(a)(10) if the creditor has not formally rejected the plan.

In this case, AFI has indicated, as a matter of record, that it apparently will not support any proposed plan as contemplated by Debtor.

IT IS THEREFORE ORDERED THAT AFI's Motion to Dismiss is GRANTED.