**In re HEMPSTEAD REALTY ASSOCIATES, Debtor.**

**Bankruptcy No. 83 B 20365.**

United States Bankruptcy Court, S.D. New York.

April 6, 1984.

---

288

Blumberg, Singer, Ross, Gottesman, Paradise & Gordon, New York City, for debtor; Leon C. Baker, New York City, of counsel.

Bachner, Tally, Polevoy, Misher & Brinberg, New York City, for Massachusetts Mut. Life Ins. Co.; Henry J. Bergman, New York City, of counsel.

## DECISION ON MOTION TO DISMISS CASE OR CONVERT CASE TO CHAPTER 7 PROCEEDING

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The first mortgagee in this Chapter 11 case has moved under 11 U.S.C. § 1112(b)(2) for a dismissal or a conversion to Chapter 7 on the ground that the debtor is, and will remain, unable to prepare a reorganization plan which will be affirmatively accepted by a single noninsider class of creditors as required under 11 U.S.C. § 1129(a)(10).

The debtor, Hempstead Realty Associates, is a limited partnership which owns a shopping center in West Hempstead, New York. The first mortgagee is Massachusetts Mutual Life Insurance Company ("Mass Mutual"), the holder of a fully matured mortgage amounting to $1,462,918.27 on the date the petition was filed. A second mortgage of $2,215,000 is held by the Coleman Capital Corporation Employees Profit Sharing Trust ("Coleman trust"). The debtor's general partner, Leon C. Baker, and his wife, Gloria J. Baker, are the only beneficiaries and trustees of the Coleman trust. Mass Mutual contends that the Coleman trust is an insider within the meaning of 11 U.S.C. § 101(25) and, therefore, Mass Mutual is the only unpaid noninsider creditor in this single asset Chapter 11 case and that it will not accept any plan proposed by the debtor.

The schedule of creditors and claims annexed to the petition, in addition to Mass Mutual and the Coleman trust, included a debt for real estate taxes of $122,183.07 and obligations to two unsecured creditors totalling $3,000 with respect to adjacent parking premises rented by the debtor to provide additional parking space to patrons of the shopping center. The debtor has no employees and no other claims or interests have been filed.

On July 1, 1983, the balance of the Mass Mutual mortgage came due. When the debtor thereafter defaulted under the mortgage note, Mass Mutual commenced foreclosure proceedings in the Supreme Court of the State of New York, Nassau County. Thereafter, on July 8, 1983, the debtor filed its petition with this court for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174. The debtor requested its main tenants, F.W. Woolworth and the McCrory Corporation, to make their rent payments to the debtor instead of to Mass Mutual. On July 29, 1983, the debtor and Mass Mutual stipulated to allow the debtor to receive all rents from the property in question on condition that they be applied to taxes and other costs of the premises, with the balance to be paid to Mass Mutual on account of its obligation. Consequently, all tax obligations and rents due to the parking lot lessors were paid in full and continue to be paid as they come due. Therefore, the two scheduled unse-

cured parking lot claims, totaling $3000, have been paid with the result that Mass Mutual and the Coleman trust are the only two creditors of this estate.

The debtor has not yet proposed any plan of reorganization since it filed its Chapter 11 petition on July 8, 1983, and does not presently have the financing to satisfy the Mass Mutual mortgage which came due by its terms on July 1, 1983.

## DISCUSSION

### Status of the Second Mortgagee

The debtor contends that the Coleman trust is not an "insider" as defined in 11 U.S.C. § 101(25) and is therefore not disqualified from constituting at least one class of claims that may be counted as having accepted a reorganization plan for confirmation purposes under 11 U.S.C. § 1129(a)(10). The latter section explicitly disqualifies acceptance by insider classes in providing:

§ 1129. Confirmation of plan

(a) The court shall confirm a plan only if all of the following requirements are met:

   ❊    ❊    ❊    ❊    ❊    ❊

(10) At least one class of claims has accepted the plan, determined without including any acceptance of the plan by any insider holding a claim of such class.

■ The debtor reasons that the Coleman trust is not a general partner of the debtor, nor is it a relative of a general partner of the debtor nor is it a person in control of the debtor. An "insider" is defined in 11 U.S.C. § 101(25)(C) to include the following:

(C) if the debtor is a partnership—

(i) general partner in the debtor;

(ii) relative of a general partner in, general partner of, or person in control of the debtor;

(iii) partnership in which the debtor is a general partner;

(iv) general partner of the debtor; or

(v) person in control of the debtor.

However, the entity known as the Coleman trust functions through its trustees who hold legal title to its assets. Those trustees are Leon C. Baker, the debtor's general partner, and his wife, who are also the trust's beneficiaries. Leon C. Baker, as trustee of the Coleman trust, is an insider of the debtor, because he is its general partner. As trustee, he holds and exercises the claim on behalf of the Coleman trust. Accordingly, such claim is disqualified for acceptance purposes under 11 U.S.C. § 1129(a)(10) because it is voted by an "insider holding a claim of such class." Hence, Mass Mutual is at this time the only unpaid noninsider creditor in this single asset Chapter 11 case.

### The Acceptance By at Least One Class of Creditors

■ In the present posture of this case, the only class of creditors who would be capable of satisfying the requisite single class of accepting creditors is Mass Mutual, who has declared that it would reject any plan proposed by the debtor. Thus, Mass Mutual reasons that it is impossible for a plan to be effectuated. It would not advance the debtor's interests to propose a plan that would not impair Mass Mutual's claim so as to obtain the benefit of 11 U.S.C. § 1126(f), which provides that a class that is not impaired under a plan is deemed to have accepted the plan and need not be solicited for acceptance purposes. This court has previously held that a "deemed acceptance" under 11 U.S.C. § 1126(f) does not satisfy 11 U.S.C. § 1129(a)(10) because the affirmative acceptance of at least one impaired class of creditors is required. *See In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 829, 8 B.C.D. 1402, 1408 (Bkrtcy.S.D.N.Y.1982); *accord In re Polytherm Industries, Inc.*, 33 B.R. 823, 836 (D.C.W.D.Wis.1983); *In re Gagel & Gagel*, 30 B.R. 627, 630 (Bkrtcy.S.D.Ohio 1983); *In re Rolling Green Country Club*, 26 B.R. 729, 733–34 (Bkrtcy.D.Minn.1982); *In re Barrington Oaks General Partnership*, 15 B.R. 952, 967–70, 8 B.C.D. 569, 580–82 (Bkrtcy.D.Utah 1982); *In re Economy Cast Stone Co.*, 16 B.R.

647, 651, 8 B.C.D. 807, 810 (Bkrtcy.E.D.Va. 1981); *Buffalo Savings Bank v. Marston Enterprises Inc.*, 13 B.R. 514, 520, 7 B.C.D. 1403, 1407 (Bkrtcy.E.D.N.Y.1981). However, it is premature to apply at this stage a confirmation standard under 11 U.S.C. § 1129 in the context of a motion under 11 U.S.C. § 1112(b) to dismiss or convert this case when no plan has been filed and when various possibilities might occur between now and any proposed confirmation. For instance, the insider status ascribed to the trustees of the Coleman trust could be cured by the assignment of the trust's second mortgage to a noninsider entity whose interest might be impaired by a proposed plan. Conceivably the debtor might seek to reject the parking lot leases, thereby creating pre-petition unsecured claims in accordance with 11 U.S.C. § 365(g)(1). Moreover, the debtor might be in a position to obtain a creditor secured by a senior or equal lien on the property in question pursuant to 11 U.S.C. § 364(d)(1). In short, the court should not speculate that the debtor is incapable of obtaining the affirmative acceptance of a single class of creditors when it is conceivable that this condition may not exist when confirmation of a plan of reorganization is considered.

■ The real source of Mass Mutual's irritation is that the debtor has not filed any plan of reorganization for nine months and has not demonstrated that it is making any progress towards reorganization. Accordingly, consideration must be given to the factors for dismissal or conversion delineated under 11 U.S.C. § 1112(b). Apparently, the estate is not depreciating or incurring any losses, as described in Code § 1112(b)(1) since all current debts and taxes are being paid. The single class acceptance argument does not support a motion under Code § 1112(b)(2) that the debtor is unable to effectuate a plan if the Coleman trust is assigned or if leases are rejected or if an equal or senior lien creditor is obtained. Unreasonable delays may justify a dismissal under Code § 1112(b)(3) if such delays are prejudicial to creditors. Mass Mutual has not presented any evidence that it is prejudiced by the delay. Indeed, the debtor contends that Mass Mutual is oversecured, a point which Mass Mutual does not deny. Additionally, the debtor has not failed to propose a plan within any time fixed by the court, as stated in Code § 1112(b)(4) because the court never fixed a time to file a plan. This last point requires attention at this time.

The debtor may not remain dead in the water and say that its inability to effectuate a plan of reorganization is speculative because it has not filed any such plan. Manifestly, the debtor may not use its own failure of action as a shield to fend off its only noninsider creditor. Accordingly, the debtor is directed to file a plan of reorganization within thirty days from the date hereof. In the meantime, Mass Mutual's motion to dismiss or convert this case is denied without prejudice to any future motions it might make, either under 11 U.S.C. § 362(d) or under 11 U.S.C. § 1112(b).

SUBMIT ORDER on notice.